### DUNNE *v.* DUNNE.

FRAUD—BURDEN OF PROOF—HUSBAND AND WIFE.

> In a suit by a husband against his wife for the return to him of certain shares of bank stock alleged to have been obtained by fraud, where the record does not show that plaintiff has met the burden of proof resting upon him to establish the fraud, the decree of the court below dismissing the bill will be affirmed, on appeal.

Appeal from Muskegon; Vanderwerp (John), J. Submitted October 25, 1922.   (Docket No. 53.)   Decided December 5, 1922.

Bill by George W. Dunne against Margaret M. Dunne and others for the return of certain shares of stock obtained by fraud.   From a decree dismissing the bill, plaintiff appeals.   Affirmed.

*James E. Sullivan,* for plaintiff.

*Bunker & Rogoski,* for defendants.

WIEST, J.   In this suit plaintiff seeks a decree direct-

ing defendant Margaret Dunne to return to him 21 shares of stock in the defendant banks, transferred by him to her September 10, 1920, claiming he was induced to make such transfer by fraud practiced upon him. The banks, named as defendants, have no interest in the suit, being brought in merely to restrain the transfer of the stock pending litigation, and in the course of this opinion we will speak of Margaret Dunne as the defendant.

Plaintiff and defendant were married January 17, 1917; he was a widower, aged 56, and she a widow, aged 57. He was a drop-forge manager, earning about $6,000 a year, and she had property. They opened a joint deposit account in a bank, in which he placed some of his earnings and she placed money from her property. In September, 1919, plaintiff bought 20 shares of Hackley National Bank stock at $170.15 per share, and 22 shares of Union National Bank stock at $150 per share, and paid for the same by checks drawn on the joint bank account.

Defendant claims the intended purchase of the stock was talked over between them, and it was agreed the investment should be made out of their joint funds on deposit, and the certificates taken in their names, and she supposed this had been done until, on August 10, 1919, she saw in a local newspaper a list of the stockholders in the Union National Bank, and discovered the stock was in the name of plaintiff. Upon making such discovery she claims she called his attention to the agreement under which it was to be purchased, and he transferred to her one-half of the stock.

He claims she practiced dissimulation and wiles upon him and wheedled him into giving her the stock, making him believe their marital affairs were running blissfully, while, in fact, she had made up her mind to leave him, and took this method of getting

his property.   This she denies, and claims he well understood from what she had said to him, and from her acts, that she intended to leave him, and upon her upbraiding him for taking the stock all in his own name, contrary to their agreement, he suggested the transfer and thereby, although belatedly, performed the agreement.

The case presents only issues of fact.   If defendant demonstrated affection toward plaintiff, as he claims, while, in fact, she nourished hate in her heart and an intention to leave him, and dissembled her true feelings and assumed a mere sham to induce him to give her the bank stock, then she employed the semblance of an appealing affection as a screen for the accomplishment of a nefarious purpose, and she should be made to disgorge.   On the other hand, if he gave her bank stock in pursuance of an agreement, under which it was purchased, then he is without remedy.

The circuit judge found for defendant and, upon reading and re-reading this record, we cannot say he was wrong.   The testimony of the parties is in sharp conflict upon every phase of the case.   He claims she left him at the bank at the time the stock was transferred and did not return home, and eight days later filed a bill for divorce, while she claims that after performing an errand she returned home and remained four days.   We are satisfied there was serious trouble between the parties before the stock was transferred, but whether the transfer was made by reason of simulated love on her part, or to fulfill an agreement under which it was purchased, or as a peace offering in the hope of reconciliation, we cannot say.   Her testimony is corroborated to some extent by that of Mrs. Lyons who heard plaintiff say he had purchased bank stock for himself and wife.   We get no help from the bank deposits.   We find no occasion to review the testimony at length in this opinion.   The burden rested upon

plaintiff to establish the alleged fraud by a preponderance of the evidence.   We cannot find that he has met such burden.

The decree below is affirmed, with costs to defendant.

FELLOWS, C. J., and McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.   MOORE, J., did not sit.