MAYHALL v A H POND COMPANY, INC

Docket No. 61082. Submitted June 7, 1983, at Grand Rapids.—Decided September 27, 1983. Leave to appeal applied for.

Millard N. Mayhall brought an action in the Calhoun Circuit Court against A. H. Pond Company, Inc., and Thomas Jewelry Company, Inc. Plaintiff had purchased from Thomas a diamond ring manufactured by Pond. Court I alleged: that defendant Pond had advertised the ring as containing center diamonds that were "perfect"; that plaintiff purchased the ring in reliance on that representation; that the representation was false; and that Pond knew it was false. Analogous allegations were made against Thomas in a separate count. Those allegations were intended to make out a cause of action under Michigan's pricing and advertising act. In Count II, plaintiff alleged: that Pond sold him the ring displaying a tag reading "guaranteed perfect"; that all purchasers of the ring received from Pond a certificate stating that the center diamond on the ring is perfect; and that the diamond is not perfect. The count also alleged, *inter alia,* that Pond's representations caused plaintiff to reasonably believe the represented state of affairs to be other than it was. Again, substantially the same allegations were made against Thomas. Those allegations were designed to state a cause of action under the Michigan Consumer Protection Act. The court, Paul Nicholich, J., granted summary judgment for defendants, holding that plaintiff suffered no "loss", which is a prerequisite to maintaining an action under either act. Plaintiff appealed. *Held:*

A person may bring an action under the pricing and advertising act or under the Consumer Protection Act where he has suffered a "loss" due to a statutory violation. A "loss" need not be a monetary one, but includes a frustration of legitimate expectation.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading §§ 230, 232.

[2] 73 Am Jur 2d, Statutes § 239.

[3] Am Jur 2d New Topic Service, Consumer and Borrower Protection §§ 220, 223.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM.

A motion for summary judgment on the ground that a pleading of an opposing party has failed to state a claim or defense is to be tested by the pleadings alone; the motion tests the legal basis of the complaint, not whether it can be factually supported, and the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged, and unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover the motion should be denied (GCR 1963, 117.2[1]).

2. STATUTES — JUDICIAL CONSTRUCTION.

Statutes are to be interpreted with reference to the common law and, where there is no indication to the contrary, given their common-law meaning.

3. CONSUMER PROTECTION — FRAUD — SALES — PRICING AND ADVERTISING ACT — CONSUMER PROTECTION ACT.

A person may bring an action under the pricing and advertising act or under the Consumer Protection Act where he has suffered a "loss" due to a statutory violation; a "loss" need not be a monetary one, but includes a frustration of legitimate expectation (MCL 445.360[2], 445.911[2]; MSA 19.853[20][2], 19.418[11][2]).

Millard N. Mayhall, *in propria persona.*

*Vandervoort, Cooke, McFee, Christ, Carpenter & Fisher* (by *Chris T. Christ),* for defendants.

Before: R. M. MAHER, P.J., and GRIBBS and K. N. SANBORN,* JJ.

PER CURIAM. Plaintiff appeals from the trial court's order granting defendants' motion for summary judgment on the ground that plaintiff's complaint failed to state a claim upon which relief can be granted, GCR 1963, 117.2(1).

According to the complaint, plaintiff purchased a ring from defendant Thomas Jewelry Company, Inc. (Thomas), for about $300. Count I alleges: that

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant A. H. Pond Company, Inc. (Pond), had advertised the ring as containing center diamonds that were "perfect"; that plaintiff purchased the ring in reliance on that representation; that the representation was false; and that Pond knew it was false. Analogous allegations were made against Thomas in a separate count. Those allegations were intended to make out a cause of action under Michigan's pricing and advertising act (PAA), MCL 445.351 *et seq.;* MSA 19.853(11) *et seq.* In Count II, plaintiff alleges: that Pond sold him the ring displaying a tag reading "guaranteed perfect"; that all purchasers of the ring received from Pond a certificate stating that the center diamond on the ring is perfect; and that the diamond is not perfect. The count also alleged, *inter alia,* that Pond's representations caused plaintiff to reasonably believe the represented state of affairs to be other than it was. Again, substantially the same allegations were made against Thomas. Those allegations were designed to state a cause of action under the Michigan Consumer Protection Act (MCPA), MCL 445.901; MSA 19.418(1).

In their motion for summary judgment, the defendants argued correctly that, in order to recover under either the PAA or the MCPA, the plaintiff must suffer a "loss" as a result of a statutory violation. The complaint is defective, they maintained, because it did not allege that plaintiff suffered such a loss. The trial court apparently found that plaintiff had to suffer a monetary loss in the transaction to have a right to recover under either statute. Because the complaint contained no allegation of monetary loss, the court granted the motion.

On appeal, the sole issue is whether the complaint alleged that plaintiff had suffered a "loss"

sufficient to withstand a motion for summary judgment on the ground that plaintiff has failed to state a claim upon which relief can be granted.

In *Fidelity & Deposit Co of Maryland v Newman,* 109 Mich App 620, 622-623; 311 NW2d 821 (1981), this Court stated the standard to be used to review a lower court's grant of a motion for summary judgment pursuant to GCR 1963, 117.2(1):

"The motion is to be tested by the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974), *lv den* 391 Mich 816 (1974). The motion tests the legal basis of the complaint, not whether it can be factually supported. *Partrich v Muscat,* 84 Mich App 724, 729; 270 NW2d 506 (1978). The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. *Id.,* 729-730. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under the subrule should be denied. *Id.,* 730."

With this standard in mind we consider whether the instant complaint stated an actionable claim under the PAA and the MCPA.

The core of the controversy is whether the complaint sufficiently states that as a result of the alleged statutory violations the plaintiff suffered a loss. Both acts require a plaintiff to have sustained a loss as a condition for bringing an action to recover damages. The MCPA in § 11 provides:

"Except in a class action, a person who suffers loss as a result of a violation of this act may bring an action to recover actual damages or $250.00, whichever is greater, together with reasonable attorneys' fees." MCL 445.911(2); MSA 19.418(11)(2).

Similarly, § 10 of the PAA states:

> "A person who suffers loss as a result of a violation of
> this act may bring an individual or a class action to
> recover actual damages or $200.00, whichever is
> greater, for each day on which violations of this act
> have been found together with reasonable attorneys'
> fees not to exceed $100.00 in an individual action."
> MCL 445.360(2); MSA 19.853(20)(2).

This case requires us to construe these provisions
as they pertain to the allegations set forth in
plaintiff's complaint.

Statutes are to be interpreted with reference to
the common law and, where there is no indication
to the contrary, given their common-law meaning.
*United States v Cox,* 593 F2d 46, 49 (CA 6, 1979);
*United States v Monasterski,* 567 F2d 677, 682 (CA
6, 1977). See, also, *Thomas v Dep't of State High-
ways,* 398 Mich 1, 9-10; 247 NW2d 530 (1976). We
believe that § 10 of the PAA should be construed
with reference to the common-law tort of fraud.
The act outlaws the knowing distribution of an
advertisement containing "a statement or repre-
sentation which is untrue, deceptive, or mislead-
ing". MCL 445.356(1); MSA 19.853(16)(1). It is clear
that the violation, as described by the Legislature,
is in the nature of fraud and, thus, § 10 should be
construed with reference to that common-law tort.
The MCPA, however, has a somewhat broader
scope. It prohibits not only "deceptive" business
practices but also those which are "unfair" and
"unconscionable". MCL 445.903(1); MSA
19.418(3)(1). Nevertheless, the great majority of the
specific prohibited practices enumerated in the
statute—including those relied upon by plaintiff—
involve fraud. See MCL 445.903(1), subds (a)-(cc);
MSA 19.418(3)(1), subds (a)-(cc). Hence, insofar as

§ 11 applies to those practices, we construe it as well with reference to the common-law tort of fraud.

Construing the above provisions with the tort of fraud in mind, their meaning becomes .clearer. It has long been the law that to constitute actionable fraud a plaintiff must have "suffered injury" as a result of his reliance on the defendant's false representation. *Candler v Heigho,* 208 Mich 115, 121; 175 NW 141 (1919). See, also, *Hi-Way Motor Co v International Harvester Co,* 398 Mich 330, 336; 247 NW2d 813 (1976). By specifying in § 10 of the PAA and § 11 of the MCPA that in order to bring suit a plaintiff must suffer a "loss" as a result of the statutory violation, the Legislature, we conclude, has incorporated in the acts the common-law requirement of injury.

Michigan courts have had occasion to consider what constitutes injury in an action for fraud. The cases indicate that actionable fraud does not require injury to the plaintiff's pocketbook. Instead, the injury may consist in the plaintiff's unfulfilled expectations. In *Saba v Miller,* 327 Mich 363; 41 NW2d 894 (1950), the plaintiff gave the deed to her residence to the defendants in exchange for a bill of sale of a business together with certain fixtures, stock, and equipment. The defendants, however, did not have clear title to the fixtures. Plaintiff sued for rescission of the sale agreement on the ground of fraud, but the trial court dismissed the complaint. On appeal, the defendants argued that the plaintiff had suffered no damage by virtue of the misrepresentation because the owner of the fixtures did not dispossess the plaintiff. The Supreme Court disagreed:

"Plaintiff's damage was immediate. The agreement that the fixtures were the property of defendants free

and clear, was breached as soon as made." 327 Mich 367.

In *Merlau v Kalamazoo Circuit Judge,* 180 Mich 393; 147 NW 503 (1914), the plaintiff delivered to the defendant the deed to her residence, worth $2,500, in exchange for the deed to defendant's farm. The defendant had sold the farm on a $4,000 land contract and had received $1,500 in payment. The farm was also subject to a $600 mortgage. The plaintiff had engaged in this transaction in reliance on the defendant's representations that the farm was in good condition. Those representations turned out to be false and the plaintiff sued for fraud. On appeal, the Court rejected the argument that the plaintiff had not been damaged since there had been no default in the payments on the land contract:

"It was not necessary that default should occur in this contract as a condition precedent to bringing suit for fraud." 180 Mich 397.

"The fraud in this case was completed when defendant, by his false representations, induced [plaintiff] to deed her property to him, and a right of action then accrued. [Plaintiff] had been fraudulently induced by defendant to part with her property. The value and condition of this farm was falsely represented by defendant. [Plaintiff] having parted with her property, relying upon such representation, a right of action accrued immediately upon ascertaining its falsity." (Citation omitted.) 180 Mich 398.

In *Stockman v Cheney,* 62 Mich 10; 28 NW 692 (1886), the plaintiff purchased 70 acres in reliance on the representations by the defendant, the seller, that he had good title to the land except for a small mortgage. When the plaintiff discovered that the defendant had no title to ten acres of the

parcel, he sued for fraud. At trial, the court directed a verdict for defendant. The Supreme Court reversed, noting:

"[T]he fact that plaintiff moved upon the premises soon after the purchase, and has not thus far been evicted or disturbed in his possession, [has no] bearing upon his right to recover." 62 Mich 14.

Finally, in *Warren v Cole*, 15 Mich 265 (1867), the plaintiffs purchased the right to sell two varieties of soap invented by the defendant in reliance on his representation that both had been patented. When they discovered that only one variety was patented, the plaintiffs sued for fraud and succeeded at trial. On appeal, the Supreme Court considered the nature of the plaintiffs' damages. The Court found that the plaintiffs "have been damnified, if at all, by not getting the property they expected to get". 15 Mich 274.

We think the statement lifted from *Warren v Cole, supra,* accurately states the injury suffered by a victim of fraud: the victim does not receive what he expected to receive. Not only does this description find support in the cases set out above, it also explains the measure of damages in a fraud case. In general, the plaintiff may recover the difference between the actual value of the property when the contract was made and the value that it would have possessed if the representations had been true. *D'Alessandro v Vander Hooning,* 365 Mich 66, 73; 112 NW2d 114 (1961). The nature of the remedy—fulfillment of the plaintiff's expectations—suggests that the nature of the injury is the frustration of those expectations.

The above analysis points the way to an understanding of § 10 of the PAA and § 11 of the MCPA. As the frustration of the plaintiff's expectations

constitutes an injury for the purposes of proving common-law fraud, so too it constitutes a "loss" under § 10 of the PAA and § 11 of the MCPA. Thus, a person may bring an action under either statute if he has suffered such a loss as a result of a statutory violation.

In the present case, the complaint alleged that the plaintiff purchased the ring in reliance upon the defendants' knowing and false representation, made in their advertisement, that the ring was perfect. From these facts it is reasonable to infer that plaintiff purchased the ring expecting it to be perfect, that such expectation was created by the defendants' actions, that plaintiff did not receive what he expected, and that the frustration of his expectations was the result of the activity on the part of the defendants which ran afoul of the PAA. As such, we can envision a factual development in which plaintiff's frustrated expectations occurred as a result of the defendants' violation of the PAA.

The complaint also alleged: that the ring that was sold to plaintiff displayed a tag reading "guaranteed perfect"; that all purchasers of that sort of ring received from Pond a certificate proclaiming that the center diamond is perfect; and that the center diamond is not perfect. The complaint further alleged, among other things, that defendants' representations caused plaintiff to reasonably believe the represented state of affairs to be other than it was. From these allegations, we can reasonably infer the facts necessary to establish that the frustration of plaintiff's expectations was the result of defendants' violation of the MCPA.

For the foregoing reasons, we hold that the trial court erred in granting the defendants' motion for summary judgment. We reverse the judgment and

remand for proceedings consistent with this opinion.

Reversed and remanded. No costs, a significant question of statutory construction being involved.