DIX v AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA

Docket No. 74956. Submitted June 13, 1984, at Lansing.—Decided April 1, 1985. Leave to appeal applied for.

Gregory C. Dix and 38 other individuals brought an action against American Bankers Life Assurance Company of Florida and several of its agents in the Oakland Circuit Court, alleging common-law fraud and deceit, violation of the Consumer Protection Act and breach of fiduciary responsibility in the sale of certain tax-sheltered annuity policies. Plaintiffs moved for class certification and the court, Alice L. Gilbert, J., denied the motion and granted accelerated judgment for defendants for the reason that plaintiffs' individual claims did not exceed the jurisdictional amount threshold. The factual allegations were that the agents of American Bankers Life made false, deceptive and misleading representations about the annuities and made significant omissions of important information, as a result of which plaintiffs and others in the class invested and subsequently lost significant portions of their investments. Plaintiffs appealed. *Held:*

1. An action must meet the following requirements in order to proceed as a spurious class action under former court rule 208.1(3): (1) there must be an identifiable class; (2) the number of persons in the class must be so large that it would be impracticable to bring them all before the court; (3) the person or persons seeking to represent the class must be members thereof; (4) the interests of the class must be adequately represented; (5) the right or rights sought to be enforced must be several; (6) there must be a common question of law or fact

REFERENCES FOR POINTS IN HEADNOTES

[1] 59 Am Jur 2d, Parties § 54 *et seq.*
[2] 59 Am Jur 2d, Parties § 63.
Consumer class actions based on fraud or misrepresentation. 53 ALR3d 534.
Jurisdiction of District Court to entertain class actions by consumers pursuant to provisions of Magnuson-Moss Federal Warranty Act (15 USCS §§ 2301 *et seq.*). 54 ALR Fed 919.
[3] 37 Am Jur 2d, Fraud and Deceit § 12.
[4] 20 Am Jur 2d, Courts § 171.

affecting the several rights; (7) a common relief must be sought; and (8) certification of the class must promote the convenient administration of justice. The trial court properly found that plaintiffs did not meet the convenient administration of justice requirement. With regard to the common-law fraud count, the general rule is that to constitute actionable fraud it must appear: (1) that defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. The proofs for each plaintiff would be different. The same analysis applies to the allegation of violation of the Consumer Protection Act. The court properly refused to certify the class.

2. The separate claims of individual plaintiffs may not be aggregated to establish the jurisdictional minimum for a circuit court action in a case which is not a class action. The court properly granted accelerated judgment.

Affirmed.

1. PARTIES — CLASS ACTIONS — COURT RULES.

An action must meet the following requirements in order to proceed as a spurious class action under former court rule 208.1(3): (1) there must be an identifiable class; (2) the number of persons in the class must be so large that it would be impracticable to bring them all before the court; (3) the person or persons seeking to represent the class must be members thereof; (4) the interests of the class must be adequately represented; (5) the right or rights sought to be enforced must be several; (6) there must be a common question of law or fact affecting the several rights; (7) a common relief must be sought; and (8) certification of the class must promote the convenient administration of justice.

2. FRAUD — CLASS ACTIONS.

Courts generally disfavor consumer class actions based on fraud because the typical consumer fraud case involves misrepresentations made to a large number of consumers at various times and in separate transactions; since the separate transactions, although possibly similar, require different elements of proof and create different defenses, a class action is frequently impracticable.

3. FRAUD — ACTIONS.

The general rule is that to constitute actionable fraud it must

appear: (1) that defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

4. COURTS — CIRCUIT COURTS — JURISDICTION — JURISDICTIONAL AMOUNT — AGGREGATION OF CLAIMS.

The separate claims of individual plaintiffs may not be aggregated to establish the jurisdictional minimum for a circuit court action in a case which is not a class action.

*Hiller, Larky & Hoekenga* (by *Gregory J. Bator*), for plaintiffs.

*Reid, Reid, Perry & Lasky, P.C.* (by *Michael H. Perry*), for defendant John D. Martin Sloan.

*LaBarge, Dinning, Lyons & Greve, P.C.* (by *Robert C. Lyons*), for defendants Danny G. DeWolf and Richard T. Pawlowski.

*Miller, Canfield, Paddock & Stone* (by *John D. Pirich, Brian A. Kaser* and *Kirk D. Messmer*), for defendant American Bankers Life Assurance Company of Florida.

Before: V. J. BRENNAN, P.J. and CYNAR and E. F. OPPLIGER,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the Oakland County Circuit Court's November 1, 1983, order denying their motion for class certification and granting defendants' motions for accelerated judgment.

This action was brought by 39 named plaintiffs, individually and as class representatives, for damages arising out of plaintiffs' purchase of tax-shel-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tered annuity policies from defendant American Bankers Life Assurance Company of Florida, and its agents, Richard Pawlowski, Danny G. DeWolf, and John D. Martin Sloan.[1] The circuit court denied plaintiffs' motion for class certification and granted defendants' motions for accelerated judgment on the ground that none of the individual plaintiffs' claims exceeded $10,000, and therefore the court lacked subject-matter jurisdiction.

Defendant American Bankers is a Florida insurance company authorized to do business in Michigan. American Bankers, through its various agents, offered for sale certain tax-sheltered annuity policies (TSAs). The P-1-7400, a type of annuity policy sold by American Bankers in Michigan, was marketed primarily to Michigan school employees. Under this type of policy, the school employee's premium was deducted from his salary by the school system and paid to the insurer. Plaintiffs, 39 Michigan school employees, purchased TSAs from American Bankers, through its agents, defendants Pawlowski, DeWolf, Sloan and Daniels.

On April 14, 1982, plaintiffs filed this action in Oakland County Circuit Court seeking actual and punitive damages for common-law fraud and deceit, violations of the Michigan Consumer Protection Act, MCL 445.901 *et seq.;* MSA 19.418(1) *et seq.,* and breach of fiduciary responsibility. The basis for the three counts is that American Bankers, through its agents, misrepresented the contents and benefits of the company's policies. Plaintiffs allege that defendant agents made false, deceptive, and misleading representations about the TSAs and also made significant omissions of important information. Plaintiffs claim that, as a result of these misrepresentations and omissions,

---

[1] Lewis B. Daniels was apparently never served.

plaintiffs invested and subsequently lost significant portions of their investments.

Plaintiffs' complaint contains an allegation of a representative class, claiming that the TSAs offered for sale by defendants were purchased by "a very substantial number of school employees in the State of Michigan, which plaintiffs believe may number in excess of 1,000 persons". Plaintiffs sought class certification pursuant to former GCR 1963, 208.1(3),[2] asserting that the questions of law and fact were common to all persons sought to be represented.

On November 1, 1983, the trial judge issued an opinion and order denying class certification and granting accelerated judgment to defendants on the ground that no individual plaintiff had alleged an amount in controversy in excess of $10,000. The trial judge found that the alleged fraudulent misrepresentations formed the basis for plaintiffs' claims of fraud, breach of fiduciary duty, and MCPA violations. Relying on *Grigg v Michigan Nat'l Bank,* 405 Mich 148; 274 NW2d 752 (1979), and *Freeman v State-Wide Carpet Distributors, Inc,* 365 Mich 313; 112 NW2d 439 (1961), the court held that permitting plaintiffs to proceed on a representative basis would not promote the "convenient administration of justice".

Plaintiffs appeal as of right, arguing that class certification is proper as to their claims of common-law fraud and MCPA violations. Defendants contend that the trial court properly denied plaintiffs' request for class certification and further

[2] The class certification issue was decided under former rule 208. The rule was amended on December 29, 1982, effective April 1, 1983. The Supreme Court's order dated December 29, 1982, states that the new rule applies to class action suits filed on or after April 1, 1983, "and shall be applied to class actions pending on that date if the court finds that to do so would be feasible and would not be unfair to any party". The trial judge elected to apply the former court rule.

contend that the circuit court correctly granted accelerated judgment because, even if a class is certified, the plaintiffs' claims should not be aggregated and therefore the action is not within the circuit court's subject-matter jurisdiction.

I

DID THE CIRCUIT COURT CORRECTLY DENY CLASS CERTIFICATION UNDER GCR 1963, 208.1(3)?

Plaintiffs seek to maintain a "spurious" class action, which may be maintained only if the requirements of GCR 1963, 208.1(3) are met. The rule provides:

".1 Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, 1 or more, as will fairly insure the adequate representation of all may on behalf of all sue or be sued when the character of the right sought to be enforced for or against the class is

\* \* \*

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

In *Grigg v Michigan Nat'l Bank, supra,* p 167, the Supreme Court delineated the requirements which must be satisfied in order for an action to proceed on a representative basis under rule 208.1(3):

"1. There must be an identifiable class;
"2. The number of persons in the class must be so large that it would be impracticable to bring them all before the court;
"3. The person or persons seeking to represent the class must be members thereof;
"4. The interests of the class must be adequately represented;

"5. The right or rights sought to be enforced must be several;

"6. There must be a common question of law or fact affecting the several rights, and

"7. A common relief must be sought."

In addition, the Supreme Court recognized one further requirement which must be met: certification of a class action must promote the "convenient administration of justice" which the Supreme Court deemed "an outgrowth of the equitable heritage of class actions and the realization that there are practical limitations on the judiciary's capability to resolve disputes". *Grigg, supra,* p 184.

In *Grigg,* the Supreme Court cited *Freeman v State-Wide Carpet Distributors, Inc, supra,* as an example of the Court's application of the "convenient administration of justice" standard. *Freeman* involved several hundred plaintiffs who brought an action against a carpet seller and a bank, alleging that the defendants had engaged in a fraudulent scheme to sell inferior carpeting at exorbitant prices. The plaintiffs alleged that they were fraudulently induced to purchase inferior carpeting from the defendant seller and to finance the purchases through the defendant bank. They sought rescission of the contracts and promissory notes, return of their payments, and injunctive and monetary relief. The Supreme Court held that the plaintiffs could not join together in one action under MCL 608.1; MSA 27.591 (former joinder rule) or bring a classs action under Court Rule No. 16 (1945) (Michigan's first class action court rule). The Supreme Court reasoned:

"In the case at bar the bill of complaint embraces separate causes of action arising out of several hundred transactions apparently occurring over a period of

many months and perhaps several years. Presumably some of the misrepresentations alleged therein were made to some plaintiffs and not to others and some plaintiffs reasonably may have relied on them and others may not. It is evident that the circumstances of the execution of the purchase contracts and the promissory notes varied considerably so that some plaintiffs may have grounds for rescission not available to others. In short, the very substantial disparity of issues of law and facts between the multiple plaintiffs' claims would render any judicial proceeding in which all were sought to be adjudicated simultaneously, incomprehensible to the litigants, their counsel and the chancellor as well.

\* \* \*

"The rule [Court Rule No. 16 (1945)] requires that, where the right sought to be enforced in a class action is not joint or common, or secondary, but there are involved instead several rights (as there are here), the object of the action must be adjudication of claims affecting specific property or there must be 'a common question of law or fact affecting the several rights and a common relief' must be sought. Plaintiffs suggest that there is a common question of law relating to defendant bank's status as a holder in due course and that a common question of fact exists because some or all of the plaintiffs relied upon certain television advertising used by the defendants and defendants otherwise followed a uniform pattern of conduct in their dealings with plaintiffs. Although the bank's status as a holder of various promissory notes may be involved in each of the plaintiffs' claims and *although each plaintiff was subjected to the same advertising or other uniform pattern of conduct, the defendants' liability to each plaintiff will depend upon specific facts which, by the nature of these transactions, cannot be common to all plaintiffs or to any substantial number of them."* 365 Mich 320-321. (Emphasis added.)

In the present case the circuit court expressly held that plaintiffs were unable to meet the "convenient administration of justice" requirement of *Grigg, supra.* The court found that, as in *Freeman,*

major practical problems would arise if the case were allowed to proceed on a representative basis. On appeal, plaintiffs contend that *Freeman* is factually distinguishable and is not applicable to an action based on the MCPA. Defendants assert that *Freeman* is controlling and that the circuit court correcty denied plaintiffs' request for class certification. We address these contentions below with regard to both the common-law fraud count and the MCPA count.

## A. Common-Law Fraud

Courts have generally disfavored consumer class actions based on fraud because the typical consumer fraud case involves misrepresentations made to a large number of consumers at various times and in separate transactions. Since the separate transactions, although possibly similar, require different elements of proof and create different defenses, a class action is frequently impracticable. See generally, Anno: *Consumer class actions based on fraud or misrepresentation,* 53 ALR3d 534.[3]

The elements which a plaintiff must prove to recover for fraudulent misrepresentation were stated in *Hi-Way Motor Co v International Harvester Co,* 398 Mich 330, 336; 247 NW2d 813 (1976), quoting *Candler v Heigho,* 208 Mich 115, 121; 175 NW 141 (1919);

"The general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a

[3] Some courts have permitted consumer class actions based on fraud. See *e.g., Metowski v Traid Corp,* 28 Cal App 3d 332; 104 Cal Rptr 599 (1972); *Vasquez v Superior Court of San Joaquin,* 4 Cal 3d 800; 94 Cal Rptr 796; 484 P2d 964; 53 ALR3d 513 (1971).

positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery."

We believe the circuit court correctly held that class certification in this case would not promote the convenient administration of justice. Each plaintiff entered into a separate transaction with defendant American Bankers. The alleged misrepresentations were made at different times and places, and by different agents. Proof of the reliance element will vary from plaintiff to plaintiff, and defendants will assert varying defenses, depending on the facts and circumstances surrounding each transaction. Therefore, the circuit court would essentially be required to try each plaintiff's case. As in *Freeman,* the disparity of issues of law and fact renders plaintiffs' common-law fraud action impracticable to try on a class action basis.

Plaintiffs argue that their allegation of a "common marketing scheme" employed by defendant American Bankers distinguishes this case from *Freeman.* We do not believe, however, that this allegation is any different from the *Freeman* plaintiffs' allegation of a "uniform pattern of conduct". The *Freeman* Court made clear that "although each plaintiff was subjected to the same advertising or other uniform pattern of conduct, the defendants' liability to each plaintiff will depend upon specific facts which, by the nature of these transactions, cannot be common to all plaintiffs or to any substantial number of them". *Freeman, supra,* p 321.

Plaintiffs also assert that this Court should not follow *Freeman* because it was decided prior to

*United States Fidelity & Guaranty Co v Black,* 412 Mich 99; 313 NW2d 77 (1981), in which the Supreme Court recognized the tort of innocent misrepresentation. We do not agree. Plaintiffs' complaint does not allege the tort of innocent misrepresentation. Furthermore, although the innocent misrepresentation rule eliminates the elements of scienter and intention that the misrepresentation be acted upon, it preserves the requirements of affirmative representation, reliance, and causation. *Black, supra,* pp 116-119. Even if plaintiffs' complaint alleged innocent misrepresentation, the concerns of *Freeman* would still be present.

Plaintiffs finally contend that this Court should not follow *Freeman* because of its "ancient vintage". We do not believe, however, that the market place has changed so drastically that this Court should distinguish *Freeman.*

### B. Michigan Consumer Protection Act

Section 3(1) of the MCPA, MCL 445.903; MSA 19.418(3), prohibits certain unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce. Section 11, MCL 445.911; MSA 19.418(11), specifically provides for a class action to redress violations of § 3:

"(3) A person who suffers loss as a result of a violation of this act may bring a class action on behalf of persons residing or injured in this state for the actual damages caused by any of the following:

"(a) A method, act, or practice in trade or commerce defined as unlawful under section 3."

Plaintiffs have alleged several violations of § 3 of the MCPA. The trial court found that the alleged fraudulent misrepresentations formed the basis of the MCPA cause of action as well as the common-

law fraud claim, and thus treated both counts the same in deciding the class certification issue. Plaintiffs argue on appeal that the MCPA creates a statutory cause of action which is not synonymous with common-law fraud, and that the elements of proof under the MCPA make that cause of action more amenable to class action treatment. In other words, plaintiffs argue that *Freeman* should not be applied to the MCPA count because violations of the MCPA will be easier to prove on a representative basis than would be a common-law fraud claim.

Many states have construed their various consumer protection acts as creating a cause of action separate from common-law fraud. See *e.g., Murry v Western American Mortgage Co,* 124 Ariz 387; 604 P2d 651 (Ariz App, 1979); *State ex rel Danforth v Independent Dodge, Inc,* 494 SW2d 362 (Mo App, 1973). We observe, however, that the great majority of the specifically prohibited practices enumerated in the MCPA, including those relied on by plaintiffs in the present case, involve fraudulent misrepresentations. Therefore, we believe the issue must be decided with reference to the common-law tort of fraud. See *Mayhall v A H Pond Co, Inc,* 129 Mich App 178, 182-183; 341 NW2d 268 (1983).

While the elements of proof of MCPA violations are not necessarily tantamount to those of common-law fraud, it does not follow that the principles of *Grigg* and *Freeman* are inapplicable to a class action alleging violations of the MCPA. Clearly, there are types of consumer-fraud actions which would create common questions of law and fact sufficient for an MCPA class action to provide a fair and efficient method of adjudication. While MCPA violations may, in some cases, be more amenable to proof on a class-wide basis than would

be a common-law fraud action, we emphasize that each plaintiff in the instant case will be required to prove his individual right to recovery and his damages. We find nothing in the record to suggest that this case is particularly amenable to class action proofs. Plaintiffs' complaint alleges representations made at different times and places, over several years, to different people by four different agents. Since each plaintiff entered into a separate transaction, the claims and defenses asserted will vary depending on the facts and circumstances surrounding each transaction. Defendant American Bankers argues in its appellate brief that, although an answer has not been filed, it would dispute a number of plaintiffs' allegations. Further, the affidavits executed by plaintiffs demonstrate that there is a disparity of issues.

Plaintiffs contend that failure to certify the class will effectively prevent them from obtaining any redress for the alleged wrongs committed by defendants. However, § 11(2) of the MCPA provides an incentive for an individual plaintiff to pursue a claim in district court. Section 11(2) permits a person who suffers a loss as a result of a violation of the MCPA to bring an action to recover actual damages or $250, whichever is greater, together with reasonable attorney fees. Therefore, contrary to plaintiffs' argument that an individual action for fraudulent misrepresentation in the sale of insurance is not worth the cost, the individual plaintiffs are provided an adequate remedy under § 11(2).

We conclude that the trial court did not err in denying class certification for both the common-law fraud and the MCPA counts.

## II

### DID THE TRIAL COURT ERR IN GRANTING ACCELER-

ATED JUDGMENT IN FAVOR OF DEFENDANTS ON THE
GROUND THAT NO INDIVIDUAL DEFENDANT HAD AL-
LEGED AN AMOUNT IN CONTROVERSY EXCEEDING
$10,000?

We have found that plaintiffs' motion for class certification was correctly denied. The separate claims of the individual plaintiffs may therefore not be aggregated to establish the jurisdictional amount of $10,000. *Boyd v Nelson Credit Centers, Inc*, 132 Mich App 774; 348 NW2d 25 (1984). We therefore find that the circuit court correctly granted accelerated judgment in favor of defendants and dismissed the action without prejudice to plaintiffs' right to bring an action in district court.

Affirmed.