PANTELAS v MONTGOMERY WARD & CO, INC

Docket No. 99462. Submitted March 15, 1988, at Detroit. Decided June 7, 1988.

Sara Pantelas brought an action in Oakland Circuit Court against Montgomery Ward & Company, Inc., seeking damages for an alleged violation of the pricing and advertising act. Plaintiff had obtained a rain check when two sale items advertised by defendant were unavailable at its Southfield, Michigan, store. Two hundred seventy-three days later, plaintiff was informed that the items were available. The trial court, Robert L. Templin, J., granted summary disposition in favor of defendant, ruling that, while defendant had violated the act by not making the items available within ninety days of the rain check, defendant was entitled to judgment as a matter of law since plaintiff failed to show a loss resulting from the violation as required by the act. Plaintiff appealed.

The Court of Appeals *held:*

Aggravation or mental anguish suffered by a consumer as a result of a merchant's violation of the pricing and advertising act is not a loss for purposes of the act.

Affirmed.

FRAUD — SALES — PRICING AND ADVERTISING ACT.

Aggravation or mental anguish suffered by a consumer as a result of a merchant's violation of the pricing and advertising act is not an actionable loss under the act (MCL 445.360[2]; MSA 19.853[20][2]).

*Ina C. Cohen,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *James W. Collier* and *Thomas W. B. Porter*), for defendant.

REFERENCES

Am Jur 2d, New Topic Service, Consumer and Borrower Protection §§ 218 *et seq.*

Practices forbidden by state deceptive trade practice and consumer protection acts. 89 ALR3d 449.

Before: Wahls, P.J., and R. M. Maher and G. S. Allen,* JJ.

G. S. Allen, J. Plaintiff Sara Pantelas appeals as of right from the March 6, 1987, order of the Oakland Circuit Court which granted summary disposition in favor of defendant Montgomery Ward & Company, Inc., pursuant to MCR 2.116(C)(10). The underlying action involved a claim under the Michigan pricing and advertising act (PAA). MCL 445.351 *et seq.;* MSA 19.853(11) *et seq.* We affirm.

The facts of this case are not in dispute. On July 1, 1984, defendant placed an advertisement in the *Detroit News* and the *Detroit Free Press* which indicated that, among other items, a Wagner power painter and a Wagner power roller would be on sale for $79.99 each. The regular price for each item was $119.99. The advertisement for the subject items did not indicate any limitations of the quantity available, nor the quantity of units actually in stock. On July 4, 1984, plaintiff and her husband went to defendant's Southfield, Michigan, store for the specific purpose of purchasing the two Wagner products. Plaintiff was informed by the sales clerk that the items were out of stock and a "rain check" was issued to plaintiff for each item. On April 3, 1985, 273 days later, plaintiff was informed by way of a post card that the items were available for her purchase.

At the trial level both parties agreed that plaintiff suffered no out-of-pocket or monetary loss because of defendant's delay in providing the goods; only "total aggravation." Indeed, in the interval, plaintiff decided against painting some of the structures for which she was going to purchase the

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Wagner products. Plaintiff did have to do some painting by hand for which she had planned on using the Wagner items. However, it is disputed whether she did this painting within ninety days from the issuance of the rain checks.

At the motion for summary disposition plaintiff argued that under the terms of the PAA she does not have to prove any damages, and that she is entitled to $250 for each day that the Wagner items were not available for her purchase. Defendant, on the other hand, argued that plaintiff must prove some loss other than personal frustration.

The court ruled from the bench that defendant had clearly violated the statute, in that they did not provide the advertised items for purchase by plaintiff within the ninety-day period required by statute MCL 445.355; MSA 19.853(15). However, the court granted defendant's motion for summary disposition on the ground that plaintiff had failed to prove any loss from defendant's violation of the statute, as required by § 10 of the PAA. We agree with the court's ruling.

Section 10 of the PAA provides in part:

> (2) . . . A person who suffers loss as a result of a violation of this act may bring an individual or a class action to recover actual damages or $250.00, whichever is greater, for each day on which violations of this act have been found together with reasonable attorneys' fees not to exceed $300.00 in an individual action. [MCL 445.360(2); MSA 19.853(20)(2).]

In *Mayhall v A H Pond Co, Inc,* 129 Mich App 178; 341 NW2d 268 (1983), this Court interpreted the above section and determined that plaintiff must suffer a loss as a result of the statutory violation before recovery is allowed. In determining the exact nature of the loss necessary before recovery

is allowed, the panel examined the common law which gave rise to the statutory enactment. Accordingly, the *Mayhall* Court held that common-law principles of fraud apply to the PAA. *Mayhall, supra,* pp 182-183.

Michigan courts have had occasion to consider what constitutes an injury in an action for fraud. The cases indicate that actionable fraud is not limited solely to pecuniary losses or injury to the plaintiff's pocketbook. *Mayhall, supra,* p 183. Instead, the injury may consist of the plaintiff's unfulfilled expectations. *Id.*

In *Mayhall,* plaintiff purchased a diamond which had been represented as "perfect." As it turned out, the diamond was flawed. In determining the appropriate damages, the court stated that plaintiff could recover the difference between the actual value of the property when the contract was made and the value that it would have possessed if the representations had been true.

Here, plaintiff has clearly not shown any out-of-pocket or pecuniary losses associated with defendant's delay in supplying plaintiff with the Wagner products. Rather, plaintiff contends that she is entitled to damages due to her aggravation. We do not agree. It is true that this Court in *Mayhall, supra,* extended recovery to a plaintiff's lost expectation. However, generally, fraud is an economic tort and protects only pecuniary losses. 3 Restatement, Torts, 2d § 549, pp 108-117. We believe *Mayhall, supra,* marks the outer limit for recovery under the statute. Moreover, should plaintiff in the instant case be allowed recovery we have no way to measure damages. Damages in *Mayhall* were calculable as the difference between plaintiff's expectations and the goods actually received.

Rulings in other jurisdictions support our con-

clusion that plaintiff has suffered no loss which is recoverable under common-law principles of fraud. In *Walsh v Ingersoll- Rand Co,* 656 F2d 367 (CA 8, 1981), a panel of the Eighth Circuit ruled that a party's mental anguish and humiliation were not recoverable as damages under an action for fraud. Accord, *Harsche v Czyz,* 157 Neb 699; 61 NW2d 265 (1953). Likewise, plaintiff's total aggravation or mental anguish which she suffered as a result of waiting for the Wagner paint products is not a recoverable damage under the common-law tort of fraud. Since fraud is a basis for Michigan's pricing and advertising act and we are instructed to construe the act with reference to this common-law tort, we find that the trial court properly granted summary disposition as plaintiff suffered no loss as used in § 10 of the PAA.

Affirmed.