OVERTON v ANHEUSER-BUSCH COMPANY

Docket No. 145986. Submitted November 10, 1993, at Grand Rapids. Decided May 16, 1994, at 9:10 A.M. Leave to appeal sought.

Richard Overton brought an action in the Van Buren Circuit Court against Anheuser-Busch Company, seeking declaratory and injunctive relief and damages pursuant to the pricing and advertising act, MCL 445.351 *et seq.*; MSA 19.853(11) *et seq.* The plaintiff alleged that the defendant's advertising of one of its beers was deceptive and misleading in suggesting that the beer had a role in fulfilling fantasies involving tropical settings, beautiful women, and unrestricted merriment and in portraying beer in a positive light only and without reference to dangers inherent in the consumption of alcoholic beverages. The court, William C. Buhl, J., summarily dismissed the action, ruling that the plaintiff had failed to state a claim upon which relief could be granted. The plaintiff appealed.

The Court of Appeals *held:*

1. The pricing and advertising act, which must be construed with reference to common-law fraud, prohibits the placing before the public of an advertisement that contains a statement or representation that is untrue, deceptive, or misleading. The defendant's grandiose suggestion that consumption of its beer led to fulfillment of fantasies constituted puffing that is not actionable for fraud.

2. Because the dangers inherent in the consumption of alcohol are well known, the defendant had no duty under the common law or the pricing and advertising act to disclose those dangers in its advertisements.

Affirmed.

Richard Overton, in propria persona.

*Kelly L. Page,* and *Skadden, Arps, Slate, Meagher & Flom* (by *Matthew M. Neumeier*), for the defendant.

Before: McDONALD, P.J., and MURPHY and TAY-LOR, JJ.

TAYLOR, J. Plaintiff appeals as of right the circuit court order granting summary disposition to defendant and dismissing plaintiff's complaint, filed in propria persona, for declaratory relief, injunctive relief, and money damages under Michigan's pricing and advertising act (PAA), MCL 445.351 et seq.; MSA 19.853(11) et seq. We affirm.

On June 6, 1991, plaintiff sued defendant, a brewer and seller of beer and malt liquor, claiming that defendant had violated the provisions of the PAA by placing before the public advertisements for its products that contain "statements and/or representations which are untrue, deceptive and/or misleading." As a result, plaintiff claimed, he and the general public had been led to consume defendant's products, which defendant knew were dangerous and likely to cause serious health problems, including addiction and death. In support of his claims, plaintiff pointed to defendant's television advertisements featuring Bud Light as the source of fantasies coming to life, fantasies involving tropical settings, and beautiful women and men engaged in unrestricted merriment. Plaintiff sought monetary damages in excess of $10,000, alleging that defendant's misleading advertisements had caused him physical and mental injury, emotional distress, and financial loss.

Defendant moved for summary disposition, arguing among other things that it had no duty to warn of commonly known dangers. The trial court agreed with defendant's analysis in this regard, and granted summary disposition in its favor. We agree and affirm.

The PAA regulates the pricing and advertising of consumer items. It prohibits placing before the public an advertisement that contains a statement or representation that is untrue, deceptive, or misleading. MCL 445.356(1); MSA 19.853(16)(1).

The act provides that, in determining whether advertising is deceptive or misleading, the extent to which the advertising fails to reveal facts that are material in light of the representations made or suggested in a positive manner shall be taken into account. MCL 445.356(3); MSA 19.853(16)(3). This Court has previously held that the PAA is to be construed with reference to the common-law tort of fraud. *Mayhall v A H Pond Co, Inc,* 129 Mich App 178, 182; 341 NW2d 268 (1983).

Here, plaintiff has made a two-pronged attack. First, he asserts that defendant's advertising is deceptive and misleading because it falsely suggests that defendant's beer is the source of fantasies come to life. Such a grandiose suggestion constitutes puffing, which does not give rise to actionable fraud. *Van Tassel v McDonald Corp,* 159 Mich App 745, 750; 407 NW2d 6 (1987). Second, plaintiff asserts that the advertising is deceptive and misleading because it portrays beer in a positive light only, without reference to the dangers inherent in the consumption of alcoholic beverages, i.e., omits a material fact. Concealing a fact that one is bound to disclose is an indirect representation that such fact does not exist and constitutes fraud under the common law. *United States Fidelity & Guaranty Co v Black,* 412 Mich 99, 125; 313 NW2d 77 (1981); *In re People v Jory,* 443 Mich 403, 416; 505 NW2d 228 (1993). Further, subsections 6(1) and (3) of the PAA create a statutory duty to disclose material facts. The question whether a duty exists is one of law for the courts to decide. *Moning v Alfono,* 400 Mich 425, 436-437; 254 NW2d 759 (1977). Questions of law are reviewed de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n,* 437 Mich 75, 80; 467 NW2d 21 (1991).

We conclude that defendant has no duty under

the PAA or the common law to disclose the dangers inherent in the consumption of beer. Our Supreme Court has long recognized that the dangers inherent in alcohol consumption are well known to the public. *People v Hoy,* 380 Mich 597, 604; 158 NW2d 436 (1968); *Gaines v Sun Life Assurance Co of Canada,* 306 Mich 192, 201; 10 NW2d 823 (1943); cert den 321 US 789 (1944); *Hemington v Hemington,* 221 Mich 206, 209; 190 NW 627 (1922), overruled on other grounds in *Felgner v Anderson,* 375 Mich 23, 56-57; 133 NW2d 136 (1965). Because the dangers inherent in the consumption of beer are well known to the general public, nothing material was concealed. Defendant had no duty under the common law or § 6 of the PAA to "disclose" in its advertisements damages that are already well known.

Therefore, summary disposition was properly granted to defendant on plaintiff's failure to state a claim upon which relief could be granted. MCR 2.116(C)(8); *Radke v Everett,* 442 Mich 368, 373-374; 501 NW2d 155 (1993).

Affirmed.