**SHELDON COMPANY PROFIT SHARING PLAN AND TRUST, et al., Plaintiffs,**

v.

**Michael K. SMITH, et al., Defendants.**

No. 1:92–CV–189.

United States District Court,
W.D. Michigan,
Southern Division.

Feb. 23, 1995.

Peter W. Steketee, Grand Rapids, MI and Peter N. Rigas, Grand Rapids, MI, for plaintiffs.

Bradley J. Schram, Gary M. Saretsky, and Dana Donahue, Hertz, Schram & Saretsky, P.C., Bloomfield Hills, MI, for defendants.

## OPINION

HILLMAN, Senior District Judge.

Before the court is the motion of Oppenheimer & Co. ("Oppenheimer") and Sheldon Altman ("Altman") to enjoin and dismiss plaintiffs' claim under the Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.901 *et seq*. This claim is presently pending before a National Association of Securities Dealers, Inc. ("NASD") arbitration panel. For the reasons stated below, the motion is denied in part and granted in part.

## FACTS

Plaintiffs originally sued defendants Oppenheimer & Altman ("defendants"), along with others, seeking damages for embezzlement and securities fraud. Plaintiffs made numerous state and federal claims. Because an agreement between plaintiffs' investment advisor and defendants contained an arbitration clause, defendants moved to compel arbitration of all claims. I found, however, that the arbitration clause only governed plaintiffs' state claims. I therefore compelled arbitration of the state claims. The federal claims remained before me.

After numerous and lengthy proceedings, plaintiffs' federal claims were resolved in defendants' favor. In my opinion of July 2, 1993, I found that plaintiffs had failed to establish the requisite factual elements for: (1) a claim under section 10(b) and Rule 10b–5; (2) a churning claim; (3) a section 12(2) claim under the Securities Act of 1933; and (4) a section 17(a) claim under the Securities Act of 1933. I additionally found as a matter of law that: (5) there was no secondary liability under 15 U.S.C. § 77o and § 78t; and (6) that NYSE Rule 405 does not imply a federal cause of action. *Sheldon v. Smith*, 828 F.Supp. 1262 (W.D.Mich.1993) ("opinion of July 2, 1993").

Defendants subsequently moved to enjoin arbitration of the state claims. They asserted that the issues involved in the state claims were identical to the issues involved in the federal claims, and that plaintiffs should be prevented from relitigating the issues. Relying on the All–Writs Act, 28 U.S.C. § 1651, I enjoined all but one of plaintiffs' claims in arbitration on the basis of collateral estoppel. *Sheldon v. Smith*, 858 F.Supp. 663 (W.D.Mich.1994) ("opinion of April 21, 1994"). The remaining claim was made under the MCPA.

Defendants now renew their motion to enjoin plaintiffs' MCPA claim for two reasons. First, citing a recent Sixth Circuit case, defendants again contend that the MCPA does not apply to securities transactions. Second, defendants contend that even if the MCPA

applies, plaintiffs' arbitration claim under it is barred by collateral estoppel.

### Jurisdiction

■ As I stated in my opinion of April 21, 1994, I no longer have pendent jurisdiction over the MCPA claim presently before the arbitrators in this case. The MCPA claim was one of numerous state claims on which arbitration was compelled pursuant to the arbitration agreement between the parties. Further, plaintiffs' federal claims against the defendants have been resolved.

The issue presently before the court is whether the MCPA claim previously referred to arbitration should be enjoined.

■ Federal courts have broad injunctive powers to protect their judgments under the All–Writs Act, 28 U.S.C. § 1651. This power includes enjoining arbitration in the interests of preventing relitigation of claims and issues a court has already decided. *Kelly v. Merrill Lynch, Pierce, Fenner & Smith*, 985 F.2d 1067, 1069 (11th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 600, 126 L.Ed.2d 565 (1993).

I conclude as I did in my opinion of April 21, 1994, that I have jurisdiction under the All–Writs Act to examine the question of whether arbitration should be enjoined to prevent the relitigation of claims and issues necessary for my opinion of July 2, 1993.

### DISCUSSION

#### I.

■ In seeking an injunction to prevent the arbitrators from considering plaintiffs' MCPA claim, defendants first contend that the MCPA does not apply to securities transactions. As I stated in my opinion of April 21, 1994, I have never ruled on the MCPA's applicability to the present facts. The resolution of this question does not threaten the finality of my earlier judgments in this case. Consequently, the court's jurisdiction under the All–Writs Act does not extend to this question. Defendants' request to enjoin arbitration on this basis is denied.[1]

#### II.

■ Defendants next contend that plaintiffs' arbitration claim under the MCPA should be enjoined on the basis of collateral estoppel. Defendants state that the issues necessary to prove a MCPA violation are the same as those already litigated and necessarily decided in their favor in the court's summary judgment opinion of July 2, 1993.

■ Collateral estoppel bars relitigation of an issue of fact or law that has already been actually litigated and necessarily decided in a previous action between the same parties where a final judgment on the merits was reached. *Guzowski v. Hartman*, 849 F.2d 252, 255 n. 4 (6th Cir.1988), *cert. denied,* —— U.S. ——, 113 S.Ct. 978, 122 L.Ed.2d 132 (1993), (citing *Duncan v. Peck,* 752 F.2d 1135, 1138 (6th Cir.1985)); Restatement (Second) of Judgments, § 27 (1982).

#### A.

In their memorandum of law submitted to the NASD, plaintiffs state that their MCPA claim arises from three specific subsections of the MCPA. These are subsections (n), (s), and (cc) of the MCPA's enumeration of unfair, unconscionable, or deceptive acts and trade practices at M.C.L. § 445.903(1). These subsections render unlawful the following:

(n) Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction;

(s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer;

(cc) Failing to reveal facts which are material to the transaction in light of representations of fact made in a positive manner.

M.C.L. § 445.903(1)(n), (s), (cc). In their reply brief to defendants' present motion,

---

**1.** The Sixth Circuit recently held that the MCPA is inapplicable to securities cases. *Caproni v. Prudential Securities, Inc.,* 15 F.3d 614 (6th Cir. 1994). While the reasoning of the state court cases upon which the Sixth Circuit relied may be subject to question, *Caproni* is binding precedent in this jurisdiction.

plaintiffs focus exclusively on subsection (s), above. It is not clear to the court whether plaintiffs have withdrawn their claims based on subsection (n) or subsection (cc), above.

No case law construing these sections has been cited. Defendants urge the court to conclude that these sections are no more than a codification of Michigan common law, and remind the court that plaintiffs' common law claims for common law fraud, innocent misrepresentation, and silent fraud have already been enjoined. In contrast, plaintiffs appear to suggest, at least in regard to M.C.L. § 445.903(1)(s), that the MCPA imposes strict liability.

■ Unless an indication to the contrary exists, statutes should be interpreted with reference to the common law. *United States v. Cox*, 593 F.2d 46, 49 (6th Cir.1979). Michigan courts have interpreted the practices prohibited by the Michigan Consumer Protection Act involving fraud with regard to the common-law tort of fraud. *Mayhall v. A.H. Pond Co.*, 129 Mich.App. 178, 341 N.W.2d 268 (1983). However, Michigan courts, noting that Michigan's "Consumer Protection Act was enacted to provide an enlarged remedy for consumers who are mulcted by deceptive business practices," *Dix v. American Bankers Life Assurance Co.*, 429 Mich. 410, 415 N.W.2d 206, 209 (1987), have also varied from the common law's requirements where the MCPA's remedial purpose so requires.

Were the three subsections of M.C.L. § 445.903(1) involved in a case before me on, for example, pendent jurisdiction, it would be my obligation to construe the subsections as would the courts of Michigan. However, given that the statutes are before me on a motion to enjoin under the All–Writs Act, it is not my responsibility to define an unclear area of state law. Therefore, I refuse to conclude that my April 21, 1994, opinion enjoining plaintiffs' claims based on, inter alia, state common law fraud, innocent misrepresentation, and silent fraud necessarily leads to the conclusion that plaintiffs' MCPA claims should be enjoined as well.

## B.

■ I return, therefore, to my opinion of July 2, 1993, in which I dismissed defendants Oppenheimer & Altman based on the failure of plaintiffs' federal law claims. Contained in that opinion are a number of factual findings which were necessary to the decisions regarding those claims. Where arbitrating an MCPA claim would require revisiting any of the factual findings, arbitration is barred under the doctrine of collateral estoppel. *Guzowski*, 849 F.2d at 255 n. 4 (6th Cir.1988). If, however, arbitration of an MCPA claim can proceed without disturbing these findings, arbitration presents no threat to the court's judgments.

The findings which were necessary to that opinion are as follows:

1. *Claim Under Section 10(b) and Rule 10(b)–5*

Plaintiffs raised a section 10(b)· and Rule 10(b)–5 claim. This claim required plaintiffs to prove misrepresentations or omissions made in connection with the purchase or sale of securities. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). I found the claim failed because: (1) defendants were not direct participants in any securities transactions between plaintiffs and defendants; and (2) plaintiffs did not establish that any misrepresentations or omissions occurred. *Sheldon*, 828 F.Supp. at 1270. I further found that because there was no relationship of trust or confidence between plaintiffs and defendants, defendants had no duty to disclose under federal law. *Id.*, at 1271. *See Chiarella v. United States*, 445 U.S. 222, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980). Plaintiffs are enjoined from revisiting these factual findings in arbitration.

2. *Churning Claim*

Plaintiffs raised a churning claim. This claim required plaintiffs to prove: (1) that excessive trading existed in plaintiffs' account in light of plaintiff's investment objectives; (2) that defendants Oppenheimer and Altman exercised control over the account; and (3) that defendants possessed either an intent to defraud or willful and reckless disregard of the plaintiff's interests. *M & B Contracting Corp. v. Dale*, 795 F.2d 531 (6th

Cir.1986). I found this claim failed because defendants did not control the account, *Sheldon*, 828 F.Supp. at 1272, and that no proof existed either of defendants' intent to defraud or their willful and reckless disregard of the customer's interests, *Id.*, at 1274. Plaintiffs are enjoined from revisiting these factual findings in arbitration.

### 3. Claim Under Section 12(2) of the Securities Act of 1933

Plaintiffs raised a section 12(2) claim under the 1933 Act. This claim required plaintiffs to prove that defendants either misrepresented or failed to state a material fact by means of a prospectus or oral communication in connection with the purchase or sale of securities. I found this claim failed because there had been no direct purchase or sale of any security between plaintiffs and defendants. *Sheldon*, 828 F.Supp. at 1275. I further found that defendants had never offered investment advice to plaintiffs. *Id.* Plaintiffs are enjoined from revisiting these factual findings in arbitration.

### 4. Claim Under Section 17(a) of Securities Act of 1933

Plaintiffs raised a section 17(a) claim under the 1933 Act. This claim required plaintiffs to prove defendants utilized one or more means or instruments of transportation or communication in interstate commerce in the fraudulent sale of securities. I noted that while there was a split among the circuits as to whether a private cause of action exists under this section, the Sixth Circuit had implied that the cause of action existed only for purchasers of securities. I found this claim failed because there had been no direct purchase or sale of any security between plaintiffs and defendants. *Sheldon*, 828 F.Supp. at 1276. Plaintiffs are enjoined from revisiting this factual finding in arbitration.

### 5. Additional Claims

Finally, plaintiffs raised two additional claims. These claims do not appear to be relevant to MCPA arbitration, however, because their resolution involved issues of federal law, not issues of fact. Plaintiffs raised a secondary liability claim under section 15 of the 1933 Act and section 20(a) of the 1934 Act. I found that because no primary liability had been established under federal law, the secondary liability claim failed. *Sheldon*, 828 F.Supp. at 1276. Plaintiffs also raised a margin trading claim under NYSE Rule 405. I found that such a claim is not cognizable in federal court. *Id.*, at 1277. *See Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).

### CONCLUSION

For the reasons stated above:

1. The court has jurisdiction in this matter pursuant to the All–Writs Act;

2. Because the court has never ruled on the applicability of the MCPA to securities cases, the arbitrators' resolution of this question does not threaten the earlier judgments of the court;

3. Should arbitration of the MCPA claim proceed, it is enjoined to the extent that the arbitrators may not revisit factual findings previously decided and relied upon by the court in its Opinion of July 2, 1993.