## Young *v.* Geiske, Appellant.

|| 209    515
|f 35 SC 234

*Libel—Trade libel—Pleadings—Special damages—Malice—Falsity of publication.*

In an action to recover damages alleged to have been sustained by the plaintiff by reason of a publication which depreciated the value of shares of stock which he had advertised to be sold at public sale, there can be no recovery without proof that the publication was false, that it was malicious, and that it had caused the plaintiff special pecuniary damages.

In such a case if the defendant fails to demur to the statement on the ground that it does not expressly aver falsity and malice, he cannot raise such objection after a trial on the merits in which the publication was shown to have been false and malicious.

Argued May 17, 1904. Appeal, No. 216, Jan. T., 1904, by defendants, from judgment of C. P. Lancaster Co., Jan. T., 1901, No. 67, on verdict for plaintiff in case of Harry C. Young v. A. W. Geiske and C. R. Strickler. Before MITCHELL, C. J., DEAN, FELL, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for trade libel. Before LANDIS, P. J. Plaintiff's statement was as follows:

This action is brought by Harry C. Young, of Columbia, Pa., plaintiff, against A. W. Geiske and C. R. Strickler, defendants, to recover the sum of $10,000 damages suffered by the plaintiff at the hands of defendants, and by their trespass, injury and damage to the rights and property of the plaintiff.

The plaintiff avers that on or about, and for a long time prior to December 15, 1900, he was the owner of 121 shares of stock in and of the Columbia Flint Company, a corporation doing business in the county of Lancaster and said stock was worth at a fair valuation, at public sale, $75.00 per share, and

had sold at that price very shortly before the occurrence here-
inafter recited, and that its par value was $50.00 per share,
and it paid large dividends; that some time prior to Decem-
ber 15, 1900, A. S. Jackson, auctioneer, at the request of plain-
tiff, advertised said stock at public sale, at Hotel Columbia, in
the borough of Columbia; that the defendants, for the purpose
of depreciating the value of said stock, and to prevent its sale,
at a fair market price, and contriving to injure and depreciate
the property of plaintiff, wrote, published and caused to be
printed and published in the Columbia Daily Spy, a newspaper
published in the borough of Columbia, a notice, of which the
following is a copy:

" NOTICE.—The dividend of 5 per cent. on the capital stock
of the Columbia Flint Company, as announced in the papers of
the 12th inst., was illegally declared and cannot be paid owing
to lack of funds in the treasury.

" The company's plant has not been in operation for a long
time.

                                        " A DIRECTOR."

That both of said defendants caused said notice to be written,
published and circulated on December 12, 13 and 14, 1900, and
procured and paid for such publication, with the intent and
purpose of depreciating the value of said stock, and of prevent-
ing its sale at a fair price, and that said notice was widely
read and so prejudiced and affected the sale of said stock,
that whereas it was worth $75.00 per share, and would have
brought that price, it sold for the sum of $13.00 per share,
and no higher price could be obtained for it by reason of said
publication.

Wherefore plaintiff suffered damages and was injured to the
amount of the difference between $75.00 per share, which said
stock was worth, and $13.00 per share, at which said stock was,
and only could be, sold.

Wherefore plaintiff has suffered damages from defendants
to the amount of $10,000 and is entitled to recover the same in
this action.

At the trial the plaintiff offered evidence tending to show
that the publication was false and malicious.

Defendants presented this point:

Under the law, the pleadings and the evidence, the verdict should be for the defendant. *Answer :* Refused.

Plaintiff presented this point:

1. If the jury believe from all the evidence in the case that the defendants published the notice, signed " A Director," maliciously, for the purpose of depreciating the value of the stock ; that the statements therein contained, or a material portion of them, were false ; and that the effect of the publication was to make the stock sell, at a fair public sale, below its real market value, they should find for the plaintiff in such amount as will fairly compensate him for his loss. *Answer :* We say to you that if the jury believe from all the evidence in the case that the defendants published the notice signed " A Director," maliciously, for the purpose of depreciating the value of the plaintiff's stock, and the effect of the false publication was intended to, and did depreciate the stock of the plaintiff, in such case the jury can find for the plaintiff, in accordance with the rules as laid down in the general charge, to which reference is made. With this explanation the point is affirmed.

*Errors assigned* were (1, 4) above instructions, quoting them.

*John A. Coyle,* of *Coyle & Keller,* with him *H. M. North,* for appellant.—An action lies for the defamation of one's interest in either real or personal property ; but where such alleged slander of title is committed by one claiming the privilege of an interest in the property, the declaration must aver and the proofs must show that the statements complained of were false, and spoken of express malice, and that special damage resulted therefrom : Pursell v. Archer, Peck (Tenn.), 317 ; Bottomly v. Bottomly, 80 Md. 159 (30 Atl. Repr. 706) ; Kendall v. Stone, 5 N. Y. 14; Stieh v. Todd, 11 Montg. Co. Law Rep. 70 ; Moore v. Rowbotham, 19 Phila. 272; West v. O'Callaghan, 15 Phila. 257.

The act of 1887 while abolishing certain distinctions in actions makes no change as to the particularity with which matters of substance, indispensable to an intelligent and just judgment between the parties, must be set out : Busch v. Calhoun, 14 Pa. Superior Ct. 578 ; Fritz v. Hathaway, 135 Pa. 274 ;

Winkleblake v. Van Dyke, 161 Pa. 5; Byrne v. Hayden, 124 Pa. 170; Newbold v. Pennock, 154 Pa. 591; Krueger v. Nicola, 205 Pa. 38.

*W. R. Brinton* and *W. U. Hensel,* for appellee.—In the case at bar the defendants at the commencement of the trial added the plea of " Justification." They thereby expressly asserted the truth of the statements contained in the " notice " signed " A Director." They must therefore have been, and as a matter of fact were ready with their attempt to prove the truth of the advertisement, and for that purpose offered a large amount of testimony at the trial. The statement therefore did " furnish them with the information, which it was necessary to have of the ground upon which plaintiff sought to recover," and therefore under Baylor v. Stevens, 16 Pa. Superior Ct. 348, was sufficient.

In an action for slander where the general issue alone is pleaded, the plaintiff cannot, in the first instance, give evidence tending to prove the defendant's knowledge of the falsity of the words spoken: Hartranft v. Hesser, 34 Pa. 117.

But under the plea of justification the burden is on the defendant to prove the truth of the allegation : Fleer v. Reagan, 24 Pa. Superior Ct. 170.

This burden the defendants here assumed, and the jury found that they did not carry it successfully : Duffield v. Rosenzweig, 144 Pa. 520; Kroegher v. McConway & Torley Co., 149 Pa. 444.

In a case like this the jury are the judges of the malice, falsity of the statements and the damages to the plaintiff. These having been found to exist, and the amount of the verdict being entirely within reason and good conscience, the judgment should not be disturbed.

OPINION BY MR. JUSTICE FELL, June 15, 1904 :

This action was to recover damages sustained by the plaintiff by reason of a publication which depreciated the value of shares of stock which he had advertised to be sold at public sale. The main ground on which a reversal of the judgment is sought is that the pleadings did not aver falsity and malice. The words constituting the offense were set out fully and exactly in the

statement of claim, and special damages were alleged and the ground and extent thereof were stated with particularity. It was averred that "the defendants for the purpose of depreciating the value of the stock and preventing a sale thereof at a fair market price and contriving to injure and depreciate the value of the property of the plaintiff, wrote, published, and caused to be printed and published," etc., in a newspaper a notice that the dividend on the stock of the company had been illegally declared and could not be paid for lack of funds, and that the company's plant had not been in operation for a long time. The defendants pleaded not guilty, and at the trial added the plea of justification and attempted to prove the truth of the publication. The jury were instructed that there could be no recovery without proof that the publication was false, that it was malicious, and that it had caused the plaintiff special pecuniary damage.

It is by no means clear that the statement would not have been good on demurrer. Under the procedure act of 1887 all matters of substance essential to a good cause of action must be set out with clearness and precision, but the use of technical words is not required. An action for words spoken concerning a thing is in some respects like an action for slander and in others like an action for malicious prosecution. As in slander, the words that constitute the offense must be set out in the declaration; and as in malicious prosecution, the action cannot be sustained without showing malice and want of probable cause, Notes to Burtch v. Nickerson, 1 Am. Lead. Cases, 80. In Jaggard on Torts, vol. 1, page 551, it is said that "in wrongs of this description, as in libel and slander, the words which constitute the offense must be set out exactly in the complaint or declaration, and special damages must be alleged. In cases where character is at stake, the presumption is in favor of the party defamed; but there is no similar presumption in favour of a man's title or the quality of his merchandise. Unless he shows falsehood, he shows no case to go to the jury." This case was tried on its merits without objection to the pleadings. The evidence showed and the jury found both falsity and malice, and we see no sufficient reason to interfere with the judgment. All of the assignments of error are overruled, and the judgment is affirmed.