## Sixsmith, Appellant, *v.* Martsolf.

Argued October 2, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*A. R. Cingolani, Jr.*, with him *Floyd L. Arbogast, Jr.*, and *Cingolani and Cingolani*, for appellants.

*Lee C. McCandless*, for appellees.

OPINION BY MR. JUSTICE EAGEN, January 7, 1964:

This is an appeal from an order in the court below, sustaining preliminary objections to the complaint in an action in equity and dismissing the action.

On April 9, 1959, the plaintiff, James M. Sixsmith, entered into a written contract to purchase the entire assets and business of the Highway Sand and Gravel Company, Inc., a Pennsylvania corporation engaged in the production and sale of sand and gravel. The purchase consideration was the payment of $80,000 in cash and the delivery of a judgment note in the sum of $15,000,[1] executed by the "new" Highway Sand and Gravel Company, Inc., in favor of Harold M. Martsolf, as an individual, who was president of the corporation at the time of sale and executed the contract on its behalf. At

[1] The sum of $5000 has since been paid on this note. Judgment was entered on the note and subsequent to the institution of present proceedings a petition to open judgment was filed.

the time of the execution of the contract, the stock of the corporation was entirely owned by the defendants, Harold M. Martsolf and his wife, Anna M. Martsolf; and Vincent J. Laughlin and his wife, Margaret M. Laughlin.

The complaint alleges, that during the negotiations, Harold M. Martsolf, acting on behalf of himself and the other defendants, prepared and delivered to the plaintiff, James M. Sixsmith, a prospectus on the nature of the business; that statements therein as to the production capacity of the plant, the wage scale paid to the employees, and the prevailing prices received for the material sold were falsely stated. It also alleged that during the negotiations Harold M. Martsolf made other statements and representations as to the operation and facilities of the business which were false, and which fraudulently induced James M. Sixsmith to enter the contract to purchase.

The complaint requested the court to reform the contract, (in what manner is not specified), and to enjoin the defendant, Harold M. Martsolf, from enforcing payment of the note given as part of the purchase consideration.

If the action were intended to effect a rescission of the contract, (the complaint and brief indicate no such intention), the action instituted on May 17, 1961, more than 25 months after the sale was consummated, is legally too late for this purpose. A contract secured by fraud is voidable only at the option of the injured party, who must act promptly on the discovery of the fraud or the right to rescind is waived: *Hilliard v. Wood Carving Co.*, 173 Pa. 1, 34 A. 231 (1896) ; *Kinter v. Commonwealth Tr. Co.*, 274 Pa. 436, 118 A. 392 (1922) ; *McEvoy v. M. Samuels and Sons, Inc.*, 277 Pa. 370, 121 A. 189 (1923) ; and, *Peoples Pittsburgh Tr. Co. v. Com.*, 359 Pa. 622, 60 A. 2d 53 (1948)

If the purpose of the action was to restrain collection of the note given as part of the purchase price, it

is patently clear that a complete and adequate remedy exists at law and should be pursued. A petition to open the judgment would be the appropriate remedy. It is well established that a court of equity will not grant relief to one who has a complete and adequate remedy at law: *Cella v. Davidson,* 304 Pa. 389, 156 A. 99 (1931) and *Penn Galvanizing Co. v. Philadelphia,* 388 Pa. 370, 130 A. 2d 511 (1957). This is so, as a general rule, even though fraud be the basis of the action, *Costley v. Smith,* 278 Pa. 242, 122 A. 280 (1923); *Bishoff v. Valley Dairy Co.,* 302 Pa. 125, 153 A. 133 (1930).

As noted before, the complaint requests reformation of the contract but fails to specify how it should be reformed. None of the alleged false representations complained of is detailed in the agreement. What portions of the agreement are objected to is not stated. How and why the contract should be reformed is, therefore, far from clear.

The only possible conclusion from a study of the pleading is that the plaintiffs are seeking damages for misrepresentations, which they seek to setoff against the balance due on the note. If this be correct, again an action at law is the proper vehicle for relief. See, *Meehan v. Cheltenham Township,* 410 Pa. 446, 189 A. 2d 593 (1963).

The plaintiffs-appellant complain that the court below erred in not certifying the action to the law side of the court. It is true that *if a good cause of action at law* is pleaded in an action in equity, the court should certify it to the law side of the court, rather than enter an order of dismissal: *Hampsey v. Duerr,* 401 Pa. 578, 166 A. 2d 38 (1960). The difficulty with appellants' position is that the complaint fails to state a valid cause of action, even at law. No damages or loss are pleaded in the complaint. In fact, it isn't even alleged that any loss occurred as a result of the alleged mis-

representations. Damage or legal injury is essential to a right to sue in an action at law.

Under the circumstances, the action of the lower court was correct.

Order affirmed. Costs on appellants.