502 A.2d 686

Joyce **FORMAN**, Appellant,

v.

**CHELTENHAM NATIONAL BANK.**

Superior Court of Pennsylvania.

Argued April 17, 1985.

Filed Dec. 27, 1985.

Alvin Freiberg, Philadelphia, for appellant.

Mark F. Bideau, Philadelphia, for appellee.

Before WICKERSHAM, BECK and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an Order of the Court of Common Pleas, Montgomery County, denying appellant's exceptions filed *nunc pro tunc.*

To understand our holding, a recitation of the complicated factual scenario is necessary. On April 26, 1977, the appellant commenced this action by a complaint in trespass for Slander of Title to certain real estate she had once owned.

Appellant's husband had been involved in two businesses, World Wide Research, Ltd. and Chemcraft, Ltd. She was an officer in World Wide Research. The corporations negotiated a series of loans with the appellee bank, defendant below, which were secured by judgment notes endorsed by appellant and her husband individually. On March 14, 1975 the balances of the corporate loans were consolidated and secured by a new note to appellee in the amount of $45,000. This note was endorsed by appellant and her husband. Appellant alleges that her endorsement on the March 14, 1975 note was fraudulent. The lower court found that she did not execute the endorsement on that note but that her signatures on the previous note endorsements were valid.

On March 18, 1975, judgment was entered on the March 14, 1975 refinancing note in favor of the appellee and against appellant and her husband. Approximately two months later, appellant's husband was found dead, the victim of an apparent suicide.

Appellant sold her home and appellee required her to satisfy the judgment from the proceeds of the sale. She asserts that the appellee/bank, especially the officer who handled the Forman business, Paul Brenner, was aware of the fact that the plaintiff's signature was forged. By filing of record the Judgment based on a known forged signature of appellant, she alleges that appellee deterred and prevented her from being able to convey clear title to her home. Appellant asserted that her actual damages were $45,432.31 plus interest and she requested punitive damages as well.

■ Disparagement of title is the false and malicious representation of the title or quality of another's interest in goods or property. *Triester v. 191 Tenants Association,* 272 Pa.Super. 271, 277, 415 A.2d 698, 701 (1979). In order to prevail in an action for slander of title, a plaintiff must show malice by the defendant.[1] *Hygienic Fleeced Underwear Co. v. Way,* 35 Pa.Super. 229 (1908). Malice may be understood as the lack of good faith belief in the right to publish the allegedly slanderous utterance. *Id.* at 233. A person is conditionally privileged to disparage another's property in land, chattels or intangible things by an assertion of an inconsistent legally protected interest in himself. *See* Restatement, Second, Torts § 647 (1977). Comment (b) to section 650A of the Restatement explains the meaning of "malice" required for a finding of an abuse of that conditional privilege. That comment states:

> The exception stated in § 647 deals with the conditional privilege of a rival claimant to disparage another's property by an honest assertion of his own claim, even though he has no reasonable ground for believing his claim to be valid. Since the privilege itself extends to an action based upon a reasonable belief, it is not abused when the publication is made without reasonable grounds for belief in its truth, but is abused only when the claimant does not believe honestly or in good faith believe that there is a substantial chance of his claim being sustained.

■ The lower court found that the appellee/bank acted with the reasonable belief that it held a valid judgment against appellant and, therefore, appellant had failed to prove that appellee acted with the required malice. We agree.

Appellee had entered judgment on the note against appellant and her husband on March 18, 1975, four days after its execution. Appellant did not contest the validity of that judgment until over two years later when she commenced

1. See Restatement, Second, Torts, § 651 for a list of the elements plaintiff must allege and prove to succeed in an action for slander to title.

this action in April, 1977. Appellee could reasonably have inferred that the judgment was valid because appellant failed to promptly contest its validity.[2] *See Sixsmith v. Martsolf,* 413 Pa. 150, 196 A.2d 662 (1960) ("A contract secured by fraud is voidable only at the option of the injured party, who must act promptly on the discovery of the fraud or the right to rescind is waived." *Id.,* 413 Pa. at 152, 196 A.2d at 663).

We find that there is sufficient evidence to support the finding that the appellee acted with a reasonable belief in the validity of its claim. Accordingly, we affirm the Order of the court below.[3]

Affirmed.

BECK, J., files a concurring opinion.

BECK, Judge, concurring:

I agree with the majority that appellee-bank has not exhibited bad faith in asserting its rival claim to appellant's property and therefore has not abused its conditional privilege to disparage appellant's title to the property in question. However, I disagree with the majority's application of the law on slander of title to the facts of the present case. Inasmuch as my analysis of the facts in this appeal differs from that of the majority, I respectfully concur.

An action for slander of title safeguards an owner's marketable interest in property against another person's

---

**2.** The lower court found that appellant acknowledged the existence of the note or judgment at the time of her husband's funeral, sometime in May, 1975.

**3.** The essence of appellant's arguments is that the lower court's findings of fact are not supported by the evidence. Because we affirm the Order on the basis that appellant failed to show malice, we do not reach the lower court's theory of unjust enrichment. All but one of appellant's contentions go to that issue and need not be addressed here. Her contention that the lower court erred in finding that she had acknowledged, and therefore had notice of, the note, is meritless. The lower court clearly stated, as to that fact, it found appellee's agent's testimony to be most credible. We will not disturb that finding of fact.

false and malicious representation of the owner's title to the property. *Triester v. 191 Tenants Association,* 272 Pa.Super. 271, 415 A.2d 698 (1979); *Young v. Geiske,* 209 Pa. 515, 58 A. 887 (1904); Comment *f* to Section 647 of the Restatement (Second) of Torts (1976). "[M]alice—that is, absence of good faith—. . . is of the gist of the action." *Hygienic Underwear Co. v. Way,* 35 Pa.Super. 229, 233 (1908); Comment *d* to Section 647 of the Restatement.

A person is conditionally privileged to assert in property a legally protected interest inconsistent with the alleged property owner's interest if the rival claim is asserted in good faith, i.e., with an honest belief in the claim's substantial possibility of being sustained. Comment *d* to Section 647 of the Restatement; Comment *b* to Section 650A of the Restatement. "It is not necessary that the person asserting the claim should believe in its certain or even probable validity." Comment *d* to Section 647 of the Restatement. The conditional privilege "is not abused when the publication [of the rival claim] is made without reasonable grounds for belief in its truth, but is abused only when the claimant does not believe honestly or in good faith that there is a substantial chance of his claim being sustained." Comment *b* to Section 650A of the Restatement.

In the present case, the appellee-bank's legally protected, rival interest in appellant's property derived from promissory notes memorializing bank loans to appellant and her husband. On March 14, 1975, an attempt was made to consolidate the notes into a single note in the amount of forty-five thousand dollars ($45,000) which constituted the aggregate of the preceding notes.

To protect its right to repayment of the $45,000 debt, the appellee-bank asserted a rival claim to appellant's property by having a judgment on the March 14 consolidation note entered against appellant and recorded as a lien against appellant's property. Subsequently, the trial court found as a fact that appellant's signature on the March 14 note was

forged but that appellant's signatures on the underlying, prior notes were valid.

The issue in this appeal is whether the appellee-bank lost its conditional privilege to assert a rival claim to appellant's property by acting in bad faith when it had a judgment for $45,000 entered against appellant.

The majority states that the appellee-bank "could reasonably have inferred that the judgment was valid because appellant failed to promptly contest its validity." At 688 (footnote deleted). Contrary to the majority, I would not confer hindsight justification upon the actions of one who asserts a rival property claim. The question is whether the appellee-bank believed in good faith, both when it initially asserted a rival property claim and when it thereafter continued to maintain the claim, that there was a substantial chance of having its claim upheld. In other words, if the appellee-bank asserted a rival interest in appellant's property without honestly believing that it had a legitimate interest therein, the appellee-bank would be liable for slandering appellant's title to property regardless of appellant's subsequent action or inaction. Comment *d* to Section 647 of the Restatement; Comment *b* to Section 650A of the Restatement.

In the present case the appellee-bank was entitled to repayment of $45,000 in indebtedness represented by notes properly endorsed by appellant and her husband. By having a judgment for $45,000 against appellant entered along with a corresponding lien against appellant's property, the appellee-bank was not acting maliciously to deprive appellant of an opportunity to sell her property but rather was acting to safeguard its right to repayment of the $45,000 debt. Therefore, I conclude that inasmuch as the appellee-bank had a valid claim against appellant in the amount of $45,000, the appellee-bank did not exhibit bad faith by having a judgment for $45,000 entered against appellant together with a correlative lien against appellant's property.