## Grant v. Bridgestone/Firestone Inc.

*Kenneth A. Jacobsen,* for plaintiffs.

*Morton F. Daller* and *Edward K.M. Bilich,* for defendants.

HERRON, *J.,* January 10, 2002—This opinion addresses the preliminary objections of defendants Bridgestone/Firestone Inc. and Ford Motor Co. to the second consolidated amended complaint of the class action plaintiffs. Because the plaintiffs have not suffered a failure of the allegedly defective tires on their vehicles, their claim for breach of implied warranty of merchantability is legally insufficient and must be dismissed. The remaining objections are without merit and are overruled.

## BACKGROUND

The background in this matter is set forth in greater detail in the court's opinion dated June 12, 2001.[1] In short, this dispute arises from a line of tires designed by Ford and Firestone and manufactured and sold by Firestone since 1991. According to the complaint, the tires have a tendency to suffer sudden and complete tread separation. The tires are particularly susceptible to failure when used with the Explorer sport-utility vehicle, which is designed, manufactured and sold by Ford and comes equipped with the tires.[2] While some of the tires have been recalled by the National Highway Traffic Safety Administration with the tires' owners compensated, the plaintiffs allege that

---

1. Opinion available at http://courts.phila.gov/cptcvcomp.htm.

2. The complaint also makes allegations regarding the Mercury Mountaineer, which it asserts is essentially identical to the Ford Explorer. Both are referred to collectively as the "Explorer."

they have incurred costs associated with replacing their tires and have not been reimbursed.

In the June opinion, the court sustained the defendants' preliminary objections to the plaintiffs' consolidated amended complaint because of the plaintiffs' failure to assert a connection between the alleged defect in the tires and any damage suffered by the plaintiffs. The plaintiffs subsequently filed the complaint, which asserts claims for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law[3] and breach of implied warranty of merchantability.

## DISCUSSION

The court is fortunate to have the benefit of the wisdom of Judge Sarah Evans Barker, who is confronting claims similar to those alleged here in a national class action in the United States District Court for the Southern District of Indiana and who recently issued an opinion addressing arguments similar to those raised in the objections.[4] In the Indiana opinion, Judge Barker essentially denied the defendants' motion to dismiss the claims most like those asserted by the plaintiffs and engaged in an extensive discussion that is worth quoting at length. While the court concurs with Judge Barker with regard to her analysis of damage under consumer protection law, we must conclude that Michigan and Tennessee warranty law as she interprets it is distinct from Pennsylvania's, which does not allow the plaintiffs to proceed on their breach of implied warranty of merchantability claim.

---

3. 73 Pa.C.S. §§201-1 to 201-9.3.

4. The Indiana opinion can be found at 155 F. Supp.2d 1069 (2001).

## I. *The Plaintiffs Allege Damages To Sustain a UTPCPL Claim, But Not To Sustain a Breach of Warranty Claim*

The first argument presented by the defendants is that the plaintiffs do not allege that they suffered the degree of damage necessary to present a claim under the UTPCPL or for breach of warranty. The court agrees that the plaintiffs' damages allegations are legally insufficient to present a breach of warranty claim, but sustain their UTPCPL claim.

### 1. The Plaintiffs' Allegations of Damages Are Sufficient To Sustain a Claim Under the UTPCPL

In the complaint, the plaintiffs allege that they incurred out-of-pocket expenses in replacing their tires and that the defendants have failed to reimburse them for these expenses. The defendants contend that such damage does not rise to the level of being an ascertainable loss, as required to present a viable private UTPCPL claim. The court agrees with the plaintiffs and concludes that the damages they allegedly suffered are sufficient to allow them to proceed on their UTPCPL claim.

In the Indiana opinion, Judge Barker considered what type of injury is necessary to sustain a claim for violations of the consumer protection laws of Michigan and Tennessee in addressing "injury" objections almost identical to the defendants':[5]

---

5. Judge Barker commented briefly on a minor difference between the Tennessee and Michigan statutes and found such difference to be unimportant:

"As in their arguments for dismissing the negligence and RICO claims, defendants contend that all plaintiffs except those who have suffered a tread separation fail to state a claim because they do not plead injury. Defendants' argument, though successful to defeat plaintiffs' negligence and RICO claims, is unconvincing in the realm of consumer protection claims. Rather than injury, as required for RICO or negligence claims, to state a consumer protection cause of action, plaintiffs need plead only 'loss.' The [Tennessee Consumer Protection Act] provides that '[a]ny person who suffers an *ascertainable loss* of money or property . . . as a result . . . of an unfair or deceptive act or practice . . . may bring an action individually to recover actual damages.' Tenn. Code Ann. §47-18-109(a)(1) (emphasis added). . . .

"Defendants argue that plaintiffs cannot recover under the relevant consumer protection statutes because they 'have not alleged that they experienced any manifestation of the alleged defect or injury.' Courts interpreting the terms 'ascertainable loss' and 'loss' in consumer protection statutes disagree. For instance, in *Hinchliffe v. American Motors Corp.,* 184 Conn. 607, 440 A.2d 810, 813-14 (1981), the Supreme Court of Connecticut interpreted the term 'ascertainable loss' in the Connecticut Unfair Trade Practices Act (CUTPA), ruling that a con-

---

"While the MCPA refers to 'loss,' Mich. Comp. Laws §445.911 (b)(2), and the TCPA refers to 'ascertainable loss,' Tenn. Code Ann. §47-18-109(a)(1), the court sees no reason to interpret the two terms differently in determining whether plaintiffs have stated a claim under the relevant state consumer protection statutes. See *Miller v. American Family Publishers,* 284 N.J. Super. 67, 663 A.2d 643, 655 n.10 (1995) (finding no significant difference between 'loss' and 'ascertainable loss')." 155 F. Supp.2d at 1097 n.32.

sumer who had bought a vehicle advertised as 'full-time four-wheel drive' but was actually equipped with a 'limited slip differential mechanism' suffered a loss under CUTPA. In so ruling, the court reasoned that '[w]henever a consumer has received something other than what he bargained for, he has suffered a loss of money or property.' *Id.* at 814. Here, plaintiffs allege, among other claims, that they expected to receive tires and Explorers 'of a particular standard or quality' but actually received tires and Explorers of a lower standard or quality. Such an allegation is a classic example of 'receiv[ing] something other than what [they] bargained for.' See *Hinchliffe,* 440 A.2d at 814. Furthermore, unlike with RICO claims, this alleged diminution in value satisfies the loss requirement.

"The court views as convincing this interpretation of the New Jersey and Connecticut consumer protection statutes and concludes that the interpretation is equally applicable to the TCPA and the MCPA. In fact, a claim quite similar to plaintiffs' claim has been specifically recognized by the Court of Appeals of Michigan. In *Mayhall v. A.H. Pond Co. Inc.,* 129 Mich. App. 178, 341 N.W.2d 268, 271-72 (1983), the court ruled that the plaintiff stated a 'loss' under the MCPA when he alleged that the diamond ring he purchased was advertised as 'guaranteed perfect' but actually was flawed. The Michigan court reasoned that 'the injury suffered by a victim of fraud [is failure to] receive what he expected to receive.' *Id.* at 271. Loss, under a consumer protection claim, can arise from the 'frustration of [the plaintiff's] expectations,' as created by the defendant. *Id.* This aspect of consumer protection claims also distinguishes them from

RICO claims. Because the loss in a consumer protection claim can arise solely from receiving something *different from,* rather than *less than* what was represented to the plaintiff, the contingency of the alleged loss is not a barrier to stating a claim here as it is in the RICO context. See also, *Hinchliffe,* 440 A.2d at 814 ('To the consumer who wishes to purchase an energy saving compact, for example, it is no answer to say that he should be more satisfied with a more valuable gas guzzler.').

"Finally, it is of no consequence that most plaintiffs have not alleged that they tried to sell, trade in, or replace their tires or Explorers. The court in *Mayhall,* 341 N.W.2d at 270, addressed whether an injury to the plaintiff's pocketbook was necessary to state a claim and found that it was not required. Plaintiffs need not allege that they ever tried to sell or trade in their tires or vehicles or that they experienced tread separation in order to state a loss.

"Because the TCPA and the MCPA require only that plaintiffs allege a loss, and plaintiffs have do[ne] so, plaintiffs' claim for violation of state consumer protection statutes will not be dismissed for failure to allege manifest injury." 155 F. Supp.2d 1069, 1097-98 (2001). (citations and footnotes omitted)

Judge Barker's reasoning and examination of Tennessee and Michigan law are echoed in Pennsylvania law, even though the Commonwealth's case law on the subject is not as well developed as that of either state. Section 9.3 of the UTPCPL,[6] which allows a private action, is similar to the TCPA in that it requires that the plaintiff

6. 73 Pa.C.S. §201-9.2.

have suffered an "ascertainable loss." 73 Pa.C.S. §201-9.2. The UTPCPL "is to be construed liberally to effect its object of preventing unfair or deceptive practices." *Commonwealth by Creamer v. Monumental Properties Inc.,* 459 Pa. 450, 460, 329 A.2d 812, 817 (1974). (citations omitted) See also, *Brunwasser v. Trans World Airlines Inc.,* 541 F. Supp. 1338, 1346-47 (W.D. Pa. 1982) (holding that the term "ascertainable loss" must be liberally construed and that "the ascertainable loss requirement of this Act is designed merely to insure that individuals bringing suit have in fact been damaged by a deceptive trade practice").[7] Even where damages are not easily quantified or where a claim has failed to quantify the damages suffered, a UTPCPL claim does not fail as a matter of law. *In re Milbourne,* 108 B.R. 522, 544 (Bankr. E.D. Pa. 1989); *In re Chapman,* 77 B.R. 1, 6 (Bankr. E.D. Pa. 1987); *In re Jungkurth,* 74 B.R. 323, 335-36 (Bankr. E.D. Pa. 1987). Given these broad guidelines, the court believes that Pennsylvania law is in accord with the conclusions of Judge Barker and that the plaintiffs have alleged an "ascertainable loss" as required by the UTPCPL.

The Pennsylvania cases cited by the defendants are not to the contrary.[8] While each of these cases holds that a plaintiff may not bring a cause of action based on specu-

---

7. Likewise, the consumer protection laws of Michigan and Tennessee are to be liberally construed. Tenn. Code §74-18-102; *Dressel v. Ameribank,* 635 N.W.2d 328, 334 (Mich. Ct. App. 2001).

8. The defendants cite the following cases, inter alia: *Cleveland v. Johns-Mansville Corp.,* 547 Pa. 402, 690 A.2d 1146 (1997); *Simmons v. Pacor Inc.,* 543 Pa. 664, 674 A.2d 232 (1996); *Sixsmith v. Martsolf,* 413 Pa. 150, 196 A.2d 662 (1964); *Angus v. Shiley Inc.,* 989 F.2d 142 (3d Cir. 1993).

lative damages, such is not the case here: the complaint alleges that the plaintiffs incurred real out-of-pocket costs in replacing their tires. Complaint ¶¶41-45, 81. This allegation of specific losses also defeats the defendants' legitimate arguments as to the policy considerations against allowing "no injury" claims. Moreover, the defendants' assertion that a full refund is available to the plaintiffs is not included in the complaint and thus cannot be considered when evaluating the objections. *Eckell v. Wilson,* 409 Pa. Super. 132, 136 n.1, 597 A.2d 696, 698 n.1 (1991) (noting that "a demurrer cannot be a 'speaking demurrer' and cannot be used to supply a fact missing in the complaint"). See also, *Caskie v. Philadelphia Rapid Transit Co.,* 321 Pa. 157, 160, 184 A. 17, 19 (1936) ("A speaking demurrer is bad."). For these reasons, the court holds that the plaintiffs' allegations of damages are sufficient to sustain their UTPCPL claim.

## 2. Because a Breach of Implied Warranty of Merchantability Claim Under Pennsylvania Law Requires That the Product Malfunction, the Plaintiffs Do Not Present a Complete Claim

Although Judge Barker's reasoning is convincing with regard to the plaintiffs' UTPCPL claim, it conflicts with Pennsylvania law on the requisite degree of harm that must be suffered to sustain an implied warranty of merchantability claim. Accordingly, the plaintiffs' warranty claim must be dismissed.

Under Pennsylvania's Uniform Commercial Code, goods sold by a merchant are required to be "merchantable" and must be "fit for the ordinary purposes for which

such goods are used." 13 Pa.C.S. §2314. This language is identical to that used in the Uniform Commercial Codes of both Michigan and Tennessee, which were considered by Judge Barker:

"Defendants argue that plaintiffs may not maintain an action for breach of the implied warranty of merchantability for the same reason that their negligence and RICO claims fail: they do not allege that they have suffered any manifest injury. However, U.C.C. §2-725(2), which also has been adopted by both Tennessee and Michigan, expressly provides otherwise:

"A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

" 'Accrue' is defined as 'to come into existence as a claim that is legally enforceable.' Therefore, by the plain language of the statute, each plaintiff's cause of action for breach of implied warranty accrued at the time he or she purchased an Explorer (as to Ford) or one or more of the tires (or a vehicle equipped with the tires) (as to Firestone), and there is no requirement that plaintiffs demonstrate any injury to their person or property as a result of the breach, but only that they purchased an unmerchantable product. . . .

"As explained above, to recover under their warranty claims, plaintiffs need only allege and prove that the tires

or Explorers are *defective.* They are not required to allege and prove the same manifestation of defect necessary to sustain negligence and RICO claims. Defendants' argument assumes that the only way plaintiffs can prove that tires are defective is by tread separation and that the only way plaintiffs can prove that the Explorers are defective is by an active roll-over incident. However, this is a factual assumption that is inappropriate for the court to embrace in ruling on a motion to dismiss. Plaintiffs allege that the tires and the Explorers are defective, and as defendants cannot demonstrate as a matter of law that they are not, we shall assume for purposes of this motion that they are. Therefore, plaintiffs' claim for breach of implied warranty of merchantability will not be dismissed for failure to allege manifest injury." 1099-1101. (citations and footnotes omitted)

Pennsylvania law is at odds with the line of cases that Judge Barker considered persuasive. Unlike the case law of states that require only that a breach occurs, a breach of implied warranty of merchantability theory in Pennsylvania states that a merchant is "only liable for harm caused by a defect in their product." *Thomas v. Carter-Wallace Inc.,* 27 D.&C.4th 146, 149 (Monroe Cty. 1994), *aff'd,* 449 Pa. Super. 711, 673 A.2d 412 (1995), (citing *Dambacher by Dambacher v. Mallis,* 336 Pa. Super. 23, 485 A.2d 408 (1984)). *Altronics of Bethlehem Inc. v. Repco Inc.,* 957 F.2d 1102, 1105 (3d Cir. 1992) (an implied warranty of merchantability plaintiff must establish, inter alia, "that the product malfunctioned"). Even Judge Barker noted that imposing a requirement that the defect manifest itself is not uncommon. 155 F. Supp.2d at 1099-1100. (citations and footnote omitted)

Indeed, other courts have stated that the manifestation requirement is the majority position in the United States.[9] Based on the foregoing, the plaintiffs have not presented a claim for breach of implied warranty pursuant to section 2314, and Count II must be dismissed.

## II. *The Remaining Objections to the Plaintiffs' UTPCPL Claim Are Without Merit*

The defendants assert that the plaintiffs' UTPCPL claim is barred by the economic loss doctrine and that the plaintiffs' failure to allege a material misrepresentation is fatal to their UTPCPL claim. The court disagrees.

Pennsylvania's economic loss doctrine precludes recovery for economic losses in certain actions where the

---

9. In *Chin v. Chrysler Corp.,* 182 F.R.D. 448 (D.N.J. 1998), the court stated that "[i]n most jurisdictions, the courts recognize that unless a product actually manifests the alleged defect, no cause of action for breach of express or implied warranty or fraud is actionable." 182 F.R.D. at 460 (collecting cases). See also, *e.g., Briehl v. General Motors Corp.,* 172 F.3d 623, 628 (8th Cir. 1999) (dismissing plaintiff's breach of implied warranty claim where the plaintiffs suffered no injury); *Jarman v. United Indus. Corp.,* 98 F. Supp.2d 757, 768 (S.D. Miss. 2000) (A warranty claim requires that "there is actually a failure in product performance," and "[m]ere suspicion of a lost bargain . . . will not support an award of damages."); *In re Air Bag Prods. Liab. Litig.,* 7 F. Supp.2d 792, 805 (E.D. La. 1998) ("[T]he absence of a manifested defect precludes a cognizable claim."); *Yost v. General Motors Corp.,* 651 F. Supp. 656 (D.N.J. 1986) (holding that damage is a necessary element of breach of warranty claim); *American Suzuki Motor Corp. v. Superior Ct.,* 44 Cal.Rptr.2d 526, 529 (Cal. Ct. App. 1995) (holding that, "in the case of automobiles, the implied warranty of merchantability can be breached only if the vehicle manifests a defect that is so basic it renders the vehicle unfit for its ordinary purpose of providing transportation").

plaintiff has suffered no physical or property damage. *Spivack v. Berks Ridge Corp.,* 402 Pa. Super. 73, 78, 586 A.2d 402, 405 (1990) ("Economic losses may not be recovered in tort (negligence) absent physical injury or property damage."). In two recent cases, however, the court held that the economic loss doctrine does not apply to claims for fraudulent misrepresentation and fraud. In *First Republic Bank v. Brand,* 50 D.&C.4th 329 (Phila. Cty. 2000), the court noted the absence of Pennsylvania case law on the subject and the conflicting decisions in Pennsylvania federal courts. 50 D.&C.4th at 340-44. For public policy and other reasons set forth in detail in the opinion, the court ultimately concluded that the economic loss doctrine did not bar fraudulent misrepresentation claims "if the representation at issue is intentionally false." 50 D.&C.4th at 343 (quoting *North Am. Roofing & Sheet Metal Co. v. Building & Constr. Trades Council,* no. Civ. A. 99-2050, 2000 WL 230214, at *7 (E.D. Pa. Feb. 29, 2000)).[10] Less than a month later, in *Amico v. Radius Communications,* January term 2000, no. 1793

---

10. In reaching its conclusion, the court relied on *All-Tech Telecom Inc. v. Amway Corp.,* 174 F.3d 862 (7th Cir. 1999); *KNK Medical-Dental Specialties Ltd. v. Tamex Corp.,* no. Civ. A. 99-3409, 2000 WL 1470665 (E.D. Pa. September 28, 2000); *Sunquest Info. Sys. v. Dean Witter Reynolds,* 40 F. Supp.2d 644 (W.D. Pa. 1999); *Budgetel Inns Inc. v. Micros Sys. Inc.,* 34 F. Supp.2d 720 (E.D. Wis. 1999); *Stoughton Trailers Inc. v. Henkel Corp.,* 965 F. Supp. 1227 (W.D. Wis. 1997); *Palco Linings Inc. v. Pavex Inc.,* 755 F. Supp. 1269 (M.D. Pa. 1990); *Comptech Int'l Inc. v. Milam Commerce Park Ltd.,* 735 So.2d 1219 (Fla. 2000); R. Joseph Barton, *Drowning in a Sea of Contract: Application of the Economic Loss Rule to Fraud and Negligent Misrepresentation Claims,* 41 Wm. & Mary L. Rev. 1789 (2000); Tourek, Boyd & Schoenwetter, 84 Iowa L. Rev. 875.

(C.P. Phila. Jan. 9, 2001) (Herron, J.),[11] the court extended this holding to fraud claims.

The defendants assert that the economic loss doctrine bars the plaintiffs' UTPCPL claim because all UTPCPL claims sound in fraud and therefore are subject to the economic loss doctrine. Even if the defendants' assertion as to the nature of the UTPCPL is correct, however, the complaint alleges that the defendants' failure to inform the plaintiffs of the tires' defects was intentional. Complaint ¶77. Thus, the reasoning set forth in *Amico* and *First Republic Bank* applies, and the plaintiffs' UTPCPL claim is permissible.

Similarly, the allegation that the defendants actively concealed the defects in the tires is sufficient to sustain a claim under the UTPCPL. Under Pennsylvania law, "active concealment of defects known to be material to the purchaser is legally equivalent to affirmative misrepresentation." *National Building Leasing Inc. v. Byler,* 252 Pa. Super. 370, 376, 381 A.2d 963, 966 (1977) (citing, inter alia, *Clement Martin Inc. v. Gussey,* 191 Pa. Super. 464, 157 A.2d 412 (1959)). See also, *Moser v. DeSetta,* 527 Pa. 157, 163, 589 A.2d 679, 682 (1991) ("The concealment of a material fact can amount to a culpable misrepresentation no less than does an intentional false statement."); *Sewak v. Lockhart,* 699 A.2d 755, 759 (Pa. Super. 1997) ("Concealment of a material fact can amount to actionable fraud if the seller intentionally concealed a material fact to deceive the purchaser."). Thus, the defendants' alleged active and intentional concealment of

---

11. Available at http://courts.phila.gov/cptcvcomp.htm.

the tires' defects allows the plaintiffs to pursue a UTPCPL claim against them.

### III. *The Remaining Objections to the Complaint Are Without Merit*

The remaining two objections assert that the plaintiffs' requests for attorneys' fees and declaratory relief are improper and should be stricken. The plaintiffs' request for attorneys' fees is authorized under 73 Pa.C.S. §201-9.2, which allows a court to award a successful UTPCPL plaintiff reasonable attorneys' fees. Similarly, the court's conclusion in its earlier opinion that it is not empowered to order a recall of the tires does not preclude the court from declaring that the defendants are "financially responsible for notifying all sub-class members that Firestone's tires are defective and for the costs and expenses of repair and replacement, and/or annual inspections, of all Firestone tires, with restitution and refunds . . . of all or part of the sums paid by them to purchase Firestone tires." Complaint ¶81d. These two objections are therefore overruled.

### CONCLUSION

The complaint does not allege that the supposed defect in the plaintiffs' tires has actually manifested itself. As a result, the plaintiffs' claim for breach of implied warranty of merchantability is without merit and is stricken. The remaining objections are without merit, and the defendants are directed to file an answer to the complaint.

## ORDER

And now, January 10, 2002, upon consideration of the preliminary objections of defendants Bridgestone/Firestone Inc. and Ford Motor Co. to the second consolidated amended complaint of the class action plaintiffs, and the plaintiffs' response thereto, and in accordance with the memorandum opinion being filed contemporaneously with this order, it is hereby ordered and decreed as follows:

(1) The preliminary objections to Count II—breach of the implied warranty of merchantability—are sustained, and Count II is stricken.

(2) The remaining preliminary objections are overruled.

(3) The defendants are directed to file an answer to the second consolidated amended complaint within 20 days of the date of entry of this order.