J. A10005/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KOUZOUPIS JEWELRY, SA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE ZIKOS AND ZIKOS JEWELERS, | : | |
| INC., | : | |
| | : | |
| Appellees | : | No. 2456 EDA 2016 |

Appeal from the Judgment Entered August 3, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No.: 2011-00122

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                              **FILED JUNE 08, 2017**

Appellant, Kouzoupis Jewelry, SA, appeals from the August 3, 2016 Judgment entered in the Bucks County Court of Common Pleas after a bench trial. We affirm.

The relevant facts, as gleaned from the certified record and the trial court's Pa.R.A.P. 1925(a) Opinion, are as follows. From 1992 until 2008, Appellee George Zikos ("Mr. Zikos") owned and operated a retail jewelry store in Mykonos, Greece.[1] Mr. Zikos purchased jewelry from several vendors in Greece, including Appellant beginning in 1992.[2] Over the years,

---

[1] At the time of trial, Mr. Zikos resided in New Hope, Pennsylvania. Mr. Zikos owned and operated Zikos Jewelers, Inc., as a Pennsylvania Corporation with a principal place of business in New Hope, Pennsylvania.

Appellant's salesman would bring jewelry to a Zikos shop, and Mr. Zikos would pick out items to purchase and sell in his store. After delivery of the jewelry, Appellant would send an invoice addressed to Mr. Zikos personally, and Mr. Zikos would provide postdated checks to pay the cost of the jewelry. Mr. Zikos allegedly provided several personal checks in exchange for the jewelry, but the bank dishonored some of the checks due to insufficient funds.

On January 5, 2011, Appellant filed a Complaint in the Bucks County Court of Common Pleas alleging nonpayment of checks and fraud across 27 different transactions with Appellees Mr. Zikos and Zikos Jewelers, Inc., between 2003 and 2008. Appellant sought €91,000 from Appellees for failing to pay for various items of delivered jewelry and to cover the dishonored checks allegedly given as payment for the jewelry.

Following a bench trial on January 12, 2016, the trial court concluded that Appellant lacked standing because Efrosini Kouzoupi, Appellant's Vice President, was the recipient and holder of the checks and had never assigned them to Appellant. Each of the dishonored checks was made payable to Efrosini Kouzoupi personally, rather than Appellant. Each of the

---

[2] Kouzoupis Jewelry, SA, is a Greek company with offices in Athens, Greece.

dishonored checks was from Mr. Zikos's personal account to Efrosini Kouzoupi. As a result, the trial court entered a verdict in favor of Appellees.[3]

Appellant filed a Post-Trial Motion on February 16, 2016. On August 3, 2016, the trial court entered Judgment by Praecipe.[4]

On August 4, 2016, Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> Whether the [t]rial [c]ourt committed reversible error in finding that the [A]ppellant did not have the standing necessary to sue the [A]ppellee on the payment promises represented by the ten (10) dishonored checks in the possession of the [A]ppellant's vice-president in consideration for the jewelry it had sold to the [A]ppellee on credit?

Appellant's Brief at 2.

We review an order following a bench trial with the following principles in mind:

---

[3] After Appellant rested, the trial court granted Appellee Zikos Jewelers' demurrer to the evidence since Appellant's evidence showed that (1) Mr. Zikos personally signed and issued all of the dishonored checks in his own name rather than Zikos Jewelers, and (2) each of Appellant's invoices indicated Mr. Zikos personally as the customer rather than Zikos Jewelers. The trial court entered a verdict in favor of Zikos Jewelers. N.T. Trial, 1/12/16, at 69, 77-78.

[4] The trial court stated that it never received Appellant's Post-Trial Motion, although it acknowledges the docket indicates its filing on February 16, 2016. As a result, the trial court never ruled upon Appellant's Post-Trial Motion within 120 days and Appellant thereafter sought entry of Judgment upon Praecipe pursuant to Pa.R.C.P. No. 227.4(1)(b) in order to appeal the Judgment.

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of law. The findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as the verdict of a jury, and the findings will not be disturbed on appeal unless predicated upon errors of law or unsupported by competent evidence in the record. Furthermore, our standard of review demands that we consider the evidence in a light most favorable to the verdict winner.

*Levitt v. Patrick*, 976 A.2d 581, 588-89 (Pa. Super. 2009) (citation and quotation omitted).

"[A]ll actions shall be prosecuted by and in the name of the real party in interest…[.]" Pa.R.C.P. No. 2022. "To possess standing to litigate an action, a party must demonstrate a substantial interest in the subject matter of the litigation, and that interest must be direct and immediate as opposed to being a remote consequence." *Pennsylvania School Boards Ass'n, Inc. v. Zogby*, 802 A.2d 6, 15 (Pa. Cmwlth. 1999). *See also* Pa.R.C.P. No. 1028(a)(5).

A check is a negotiable instrument. 13 Pa.C.S. § 3104(f). The holder of a negotiable instrument is "the person in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession[.]" 13 Pa.C.S. § 1201(b)(21)(i). A negotiable instrument "is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." 13 Pa.C.S. § 3203(a).

The trial court addressed Appellant's standing as follows:

- 4 -

Here, Ms. Efrosini Kouzoupi[], a person not a party to the suit, is the holder of the checks in dispute. Ms. Kouzoupi[] not only had physical possession of the checks, but the checks were also made out directly to her. [Appellant] is not the payee on any of the checks involved in this case. While checks are negotiable instruments and are therefore able to be assigned to someone other than the holder, the checks here were not transferred by Ms. Kouzoupi[], as she did not deliver them or otherwise assign them to [Appellant] for the purpose of giving the company the right to enforce the checks.

Therefore, Ms. Efrosini Kouzoupi[], not [Appellant], is the holder of the checks in issue because the checks were never actually assigned to the company, even if the proceeds of them [were] intended to be at some point. In fact[,] Ms. Kouzoupi[] testified that she attempted to deposit the checks into her personal account but they bounced or were not honored. At trial, Ms. Kouzoupi[] testified that her practice was to deposit checks received from jewelry purchasers into her personal account, which is what she attempted to do in this case. Her testimony made it clear that while she may have intended to give [Appellant] the proceeds she realized from the checks had they cleared, they never cleared and she never had any proceeds to give to [Appellant] and she never gave the checks to [Appellant]. Therefore, [Appellant] does not have a substantial, direct, or immediate interest in the subject matter of the litigation. Because of that, Ms. Kouzoupi[] is the only person who is empowered [to] resolve the dispute about the checks.

Trial Court Opinion, dated 10/18/16, at 4 (citation omitted).

We agree with the trial court's analysis. Each check Mr. Zikos issued was made payable to Efrosini Kouzoupi personally. Mr. Zikos issued no checks made payable directly to Appellant. Ms. Kouzoupi, Appellant's Vice President, personally held all of the dishonored checks in question when she testified at trial by video. Appellant presented no evidence showing that Ms.

Kouzoupi had assigned or transferred the checks to Appellant.[5] As a result, Efrosini Kouzoupi was the "real party in interest" and Appellant lacked standing in this matter.

The trial court's findings are supported by competent evidence and we discern no error in the trial court's application of law. We affirm on the basis of the trial court's October 18, 2016 Opinion.

The parties are instructed to attach a copy of the trial court's October 18, 2016 Opinion to all future filings.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2017

---

[5] Efrosini Kouzoupi testified that, pursuant to standard business practices in Greece, such deals were executed personally by the company's representatives and that she would eventually transfer the money to Appellant from her personal account. N.T. Trial, 1/12/16, at 30-31.



RECEIVED
10|25|2016

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

KOUZOUPIS JEWELRY, SA       :       No. 2011-00122

                             :

           vs.               :

                             :

GEORGE ZIKOS and              :
ZIKOS JEWELERS, INC.           :

**OPINION**

This is an appeal by Plaintiff, Kouzoupis Jewelry, SA (hereafter, "Plaintiff") of a verdict entered in favor of Defendants, George Zikos and Zikos Jewelers (hereafter, "Defendant"), dated February 4, 2016.

BACKGROUND

On January 5, 2011, Kouzoupis Jewelry, SA filed a complaint against George Zikos and Zikos Jewelers, Inc. seeking recovery for Defendant's alleged failure to pay for jewelry and honor checks given in payment for the jewelry, as well as alleging fraud in the purchasing of the jewelry and delivery of the checks.

After a series of pleadings and other pre-trial proceedings that are not relevant to this appeal a non-jury trial was held on January 12, 2016. At that time the parties agreed that the court would be applying Pennsylvania law to the case as opposed to Greek law. N.T. 01/12/16, p. 4. The parties also agreed that the Plaintiff's case would proceed based solely on the issue of the checks. N.T. 01/12/16, p. 4.

On January 13, 2016, we entered a verdict in favor of both defendants on the record in open court. Although the docket indicates that a Motion for Post-Trial Relief was filed by the Plaintiff on February 16, 2016, none was ever received by the undersigned, none is in the Court file maintained by the Prothonotary and none was scanned into the Prothonotary's imaging system as of the writing of this Opinion. Ultimately on August 3, 2016 a Praecipe for Judgment on the verdict was filed and Judgment was entered.

The plaintiff filed a notice of appeal on August 4, 2016. We entered an order on August 8, 2016, for the Plaintiff to file a concise statement of matters within twenty-one (21) days.

1

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

On August 25, 2016, Plaintiff timely filed a concise statement of matters. In the statement of matters, the Plaintiff "...identifies the errors in only general terms because Plaintiff cannot readily discern the basis for the Decision rendered by the Honorable James M. McMaster announced orally in open court ... where 1) no reasons in support of the Decision were given at the time of its pronouncement; and 2) no written reasons thereafter filed in support of the Decision prior to the appeal of this matter." The enumerated statement of matters are outlined below, verbatim:

1. To the extent that this Court's Decision relied upon it, the Court abused its discretion and/or erred as matter of law in not finding and/or concluding that Kouzoupis Jewelry, SA was not the property party-plaintiff in this matter.
2. To the extent that this Court's Decision relied upon it, the Court abused its discretion and/or erred as a matter of law in not finding and/or concluding that Plaintiff had not met its burden of proof with respect to its claim(s) in this matter.
3. To the extent that this Court's Decision relied upon it, the Court abused its discretion and/or erred as matter of law with respect to its findings and/or conclusions regarding witness credibility in this matter.
4. To the extent that this Court's Decision relied upon it, the Court abused its discretion and/or erred as a matter of law in finding and/or concluding that Plaintiff made any admissions against its interest with respect to any material facts and/or issues in this matter.
5. To the extent that this Court's Decision relied upon it, the Court abused its discretion and/or erred as a matter of law in finding and/or concluding that Defendant had met its burden of proof with respect to any of its affirmative defenses and/or that any such defense(s) totally barred by Plaintiff's right to any recovery in this matter.
6. To the extent that this Court's Decision relied upon it, the Court abused its discretion and/or erred as a matter of law in considering and/or accepting any objections or challenges by Defendant to Plaintiff's evidence that were either waived by Defendant and/or *sua sponte* raised by the Court.

## DISCUSSION

In entering the verdict, we decided that because the checks were payable from the individual defendant to a person other than Plaintiff who was not a party to the suit, we could not find that the Plaintiff had any right to bring the

2

action on the checks. Since that was the only action the Plaintiff pursued at the trial we had no choice but to enter a verdict in the Defendants' favor.

The only real issue is whether Plaintiff is the holder of the checks in dispute in this case and therefore a proper plaintiff with standing.

Under the Pennsylvania Commercial Code, a "negotiable instrument" is an "unconditional promise to pay a fixed amount of money that is payable to bearer at the time it is issued or first comes into possession of a holder, is payable on demand or at a definite time; and does not state any other undertaking or instruction by the person promising payment to do any act in addition to the payment of money." 13 Pa.C.S.A. § 3104(a)(1-3). A check is a negotiable instrument. 13 Pa.C.S.A. § 3104(f).

Further, a "holder" is defined as "the person in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession." 13 Pa.C.S.A. § 1201(b)(21). Negotiable instruments may be transferred from a holder to another person or entity when the instrument "is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." 13 Pa.C.S.A. § 3203(a).

In *George v. Pennsylvania Public Utility Comm'n*, the Pennsylvania Commonwealth Court outlined the general requirements for standing under Pa.R.C.P 1028(a)(5):

> There are three requirements for a party to have standing to litigate an issue: the party must have a substantial interest in the subject matter of the litigation; the interest must be direct; and the interest must be immediate and not a remote consequence . . . . A 'substantial' interest is an interest in the outcome of the litigation which surpasses the common interest of all citizens in procuring obedience to the law. A 'direct' interest requires a showing that the matter complained of caused harm to the party's interest. An 'immediate' interest involves the nature of the causal connection between the action complained of and the injury to the party challenging it and is shown where the interest the party seeks to protect is within the zone of interests sought to be protected by the statute or the constitutional guarantee in question . . . . Both the immediacy and directness requirements primarily depend on the causal relationship between the claimed injury and the action in question.

*George v. Pennsylvania Public Utility Comm'n* 735 A.2d 1282, 1286 (Pa Cmwlth.Ct. 1999). Further, "[d]amage or legal injury is essential to a right to sue

3

in an action at law." *Sixsmith v. Martsolf*, 413 Pa. 150, 154, 196 A.2d 662, 664 (1964).

Here, Ms. Efrosini Kouzoupis, a person not a party to the suit, is the holder of the checks in dispute. Ms. Kouzoupis not only had physical possession of the checks, but the checks were also made out directly to her. Plaintiff is not the payee on any of the checks involved in this case. While checks are negotiable instruments and are therefore able to be assigned to someone other than the holder, the checks here were not transferred by Ms. Kouzoupis, as she did not deliver them or otherwise assign them to Plaintiff for the purpose of giving the company the right to enforce the checks.

Therefore, Ms. Efrosini Kouzoupis, not Plaintiff, is the holder of the checks in issue because the checks were never actually assigned to the company, even if the proceeds of them was intended to be at some point. In fact Ms. Kouzoupis testified that she attempted to deposit the checks into her personal account but they bounced or were not honored. At trial, Ms. Kouzoupis testified that her practice was to deposit checks received from jewelry purchasers into her personal account, which is what she attempted to do in this case. N.T. 01/12/16, p. 30-31. Her testimony made it clear that while she may have intended to give Plaintiff the proceeds she realized from the checks had they cleared, they never cleared and she never had any proceeds to give to Plaintiff and she never gave the checks to Plaintiff. Therefore, the Plaintiff does not have a substantial, direct, or immediate interest in the subject matter of the litigation. Because of that, Ms. Kouzoupis is the only person who is empowered resolve the dispute about the checks.

## CONCLUSION

For the above reasons, the Kouzoupis Jewelry, SA's appeal should be quashed or denied.

BY THE COURT

_10-18-16_

DATE

JAMES M. MCMASTER          J.

4